**Frank LIS, Defendant Below, Appellant,**

**v.**

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Oct. 11, 1974.

 

two years in prison but execution thereof was suspended and probation was ordered for two years.[1] While on probation defendant was charged with selling a dangerous drug (marijuana) in violation of 16 Del.C. § 4724 (now § 4752), to which he pleaded guilty on May 7, 1973. The Superior Court revoked defendant's probation and sentenced him to what the sentencing Judge regarded as a "mandatory minimum" term of three years in prison for the admitted violation of § 4724. That sentence is attacked as an erroneous interpretation of the statute.

## II

16 Del.C. § 4763 provides in part:

"§ 4763. Additional or reduced penalties.

(a) Previous convictions. In any case in which a defendant has previously been convicted of any offense under this chapter, or under any statute of the United States or of any state relating to narcotic drugs, marijuana, depressant, stimulant, hallucinogenic drugs or other controlled substances . . .

(2) . . . [T]he following minimum terms with respect to the following respective sections of this chapter are mandatory minimum terms of imprisonment and shall not be subject to suspension and no person shall be eligible for probation or parole during such portion of such minimum term:

a. Section 4752, 3 years."

Defendant argues that a "conviction" under § 4763 requires "a final con-

Carl Schnee and Jeffrey S. Goddess of Tybout, Redfearn & Schnee, Wilmington, for defendant below, appellant.

Norman A. Barron, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before HERRMANN, C. J., DUFFY, J., and MARVEL, Vice Chancellor.

DUFFY, Justice:

In this appeal defendant contends that a verdict of guilty followed by a suspension of sentence is not a prior conviction within the terms of a statute fixing a mandatory minimum sentence for one previously convicted of a drug offense.

## I

On January 25, 1972 defendant was found guilty of possession of a dangerous drug (marijuana) in violation of 16 Del.C. § 4722 (now § 4754). He was sentenced to

---

1. The docket sheet states the sentence as follows:
"AS TO LIS—SENTENCED. PAY THE COSTS OF PROSECUTION DURING THE FIRST MONTH OF PROBATION HEREINAFTER IMPOSED. PAY A FINE OF ONE HUNDRED ($100.00) DOLLARS DURING THE FIRST YEAR OF PROBATION HEREINAFTER IMPOSED. BE IMPRISONED FOR TWO (2) YEARS WITH A CREDIT FOR TWO (2) DAYS ALREADY SERVED; PRO-VIDED, HOWEVER, THAT THE EXECUTION OF THIS PRISON SENTENCE IS SUSPENDED AND THE DEFENDANT IS PLACED ON PROBATION FOR TWO (2) YEARS BEGINNING FEBRUARY 25, 1972 AND ENDING FEBRUARY 24, 1974. SPECIAL CONDITIONS OF PROBATION ARE: (A). THE COSTS ARE TO BE PAID DURING THE FIRST MONTH OF PROBATION. (B). THE FINE IS TO BE PAID DURING THE FIRST YEAR OF PROBATION."

summation of the prosecution" before its mandatory terms become operative and that a suspended sentence lacks the essential quality to make it that in law. But, in our view, it would simply beg logic and common sense to say that a person adjudicated guilty of an offense who is fined, ordered imprisoned, with execution "suspended," and then placed on probation for two years has not been convicted under the statute.

■ As used, the word "convicted" means "the act of proving, finding or adjudging a person guilty of an offense," *Webster's Third International Dictionary,* not commitment to prison. Clearly, the purpose of the statute is to increase the penalty for a second offense—to raise the price of crime—and that purpose is accomplished without prior incarceration. Cf. Kane v. State, Del.Supr., 327 A.2d 744 (1974). In short, the term "convicted" is used in the statute in its general and popular sense, that is, the establishment of guilt independent of judgment and sentence.[2] Compare State v. Superior Court, Del. Supr., 1 Storey 178, 141 A.2d 468 (1958).

■ In construing habitual criminal acts, as defendant argues, some courts have concluded that a suspended sentence lacks sufficient finality to enhance penalties providing for increased punishment for subsequent convictions. See Annot., 5 A. L.R.2d 1080 § 4; People ex rel Marcley v. Lawes, 254 N.Y. 249, 172 N.E. 487 (1930); State v. Gordon, 344 S.W.2d 69 (Sup., Mo., 1961). Whatever may be the view under such statutes in other jurisdictions, we find the analogy unpersuasive here; § 4763, like similar Federal narcotics statutes, applies solely to multiple drug offenses and there appears to be unanimity in the Circuits that a suspended sentence is a "conviction" for enhancement purposes. See Tanzer v.

U. S., 278 F.2d 137, 9 Cir. (1960); U. S. v. Wilson, 404 F.2d 531, 2 Cir. (1968).

We should also note that our view of § 4763 is consistent with the definition included in the Delaware Criminal Code which became effective July 1, 1973; 11 Del.C. § 222(3) defines "conviction" as ". . . a verdict of guilty by the trier of fact, whether judge or jury, or a plea of guilty or a plea of *nolo contendere* accepted by the court."

■ Defendant also raises a constitutional challenge to § 4763 on Equal Protection grounds but has not met the burden of demonstrating an arbitrary and unreasonable legislative classification in light of the presumption of reasonableness which must be accorded the statute. Compare Justice v. Gatchell, Del.Supr., 325 A.2d 97 (1974); 1 Antieau, Modern Constitutional Law § 8.81.

Affirmed.

---

2. In State v. Robinson, Del.Supr., 251 A.2d 552 (1969), this Court held that even successful completion of probation under 11 Del.C. § 4332(i) "does not obliterate the record of the case and the fact of the conviction" and

". . . does not preclude the conviction from being considered as a prior offense under a statute increasing the punishment for a subsequent offense."