Bruce **DONOPHAN, Defendant, Appellant,**

v.

**STATE of Delaware, Plaintiff, Appellee.**

Supreme Court of Delaware.

Submitted Feb. 6, 1981.

Decided Feb. 19, 1981.

Dennis A. Reardon, Dover, for defendant-appellant.

Dana C. Reed, Deputy Atty. Gen., Dover, for plaintiff-appellee.

Before HERRMANN, C. J., and DUFFY and QUILLEN, JJ.

DUFFY, Justice:

By order dated December 11, 1980, this case was remanded to the Superior Court so that the Trial Judge might enter upon the record his ruling on the offer in evidence by the State of court records showing that defendant "had been convicted of Burglary in the Second Degree." Thereafter, the Superior Court filed an opinion stating that

"[t]his matter has been remanded to this Court by the Supreme Court for the purpose, as I understand it, of determining what weight was given, at trial, to the offer by the State that the defendant had been previously sentenced for a felony.

I considered this evidence as absolute proof that the defendant had been convicted of a felony since a sentence is the judgment of conviction. 15 *Am.Jur.*, Crim. Law § 443."

Counsel have had an opportunity to be heard on the supplemental opinion by the Superior Court.

It is clear from the ruling by the Trial Court that it admitted into evidence the court records offered by the State showing that defendant had been convicted of Burglary in the Second Degree. Thus the trial record is complete. Such records show that defendant had been sentenced by the Superior Court for the crime of Burglary in the Second Degree and we conclude that such sentence includes a conviction of that crime within the meaning of 11 *Del.C.* § 1448. See *State v. Superior Court*, Del.Supr., 141 A.2d 468 (1958), and *Frabizzio v. State*, Del. Super., 59 A.2d 452 (1948); compare *Lis v. State*, Del.Supr., 327 A.2d 746 (1974). It follows, therefore, that defendant's conviction is affirmed.