**Hennon PRYOR, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted: Sept. 14, 1982.

Decided: Nov. 23, 1982.

Paul H. Spiller (argued), of Kimmel & Spiller, P.A., Wilmington, for defendant below, appellant.

Alex J. Smalls (argued), Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before HERRMANN, C.J., McNEILLY and MOORE, JJ.

HERRMANN, Chief Justice:

In this appeal, the defendant seeks reversal of his conviction for knowingly delivering marijuana. Alternatively, he asks that we set aside the mandatory three year sentence imposed on the offense under 16 *Del.C.* § 4763(a).[1]

The most significant issue is whether, for the purposes of § 4763, the term "convic-

---

1. 16 *Del.C.* § 4763 provides in pertinent part:

"§ 4763. Additional or reduced penalties.

"(a) *Previous convictions.*—In any case in which a defendant has previously been convicted of any offense under this chapter or under any statute of the United States or of any state relating to narcotic drugs, marijuana, depressant, stimulant, hallucinogenic drugs or other controlled substances, the penalties set forth in §§ 4751 through 4761 shall be increased by adding the following respective additional years to the maximum terms of imprisonment.

\*   \*   \*

"(2) Subject to the provisions of subparagraph (3) the following minimum terms with respect to the following respective sections of this chapter are mandatory minimum terms of imprisonment and shall not be subject to suspension and no person shall be eligible for probation or parole during such portion of such minimum term:

"a.  Section 4752, 3 years.
\* \* \*."

tion" means the establishment of guilt, independent of sentence.

## I.

On October 15, 1980, the defendant, Hennon Pryor, entered a plea of guilty in the Superior Court to the charge of knowingly delivering marijuana, a Schedule I non-narcotic controlled substance, as defined by 16 *Del.C.* § 4714(e),[2] in violation of 16 *Del.C.* § 4752.[3]

On the next day, the defendant was charged with a repeated commission of the offense, to which he entered a not guilty plea. At trial before a jury, police officers testified that they were involved in a drug investigation that had focused upon a Wilmington delicatessen store as a point of sale. The defendant worked there occasionally.

The officers testified that they approached the store in an unmarked police vehicle. All three officers were dressed in plain clothes. One officer went into the store to purchase drugs. Upon entering, he observed two persons, the defendant and another, working behind the counter. One of the officers, who remained in the automobile, testified that while riding by he was able to see the defendant through the store's large wire-covered plate glass window. He related this information to the officer who was driving the vehicle.

The officer in the store approached the defendant and asked him "Did he have anything." The defendant answered in the affirmative, told the officer to wait and went into a back room. A few minutes later, he returned and gave the officer a manila envelope in exchange for five dollars.

**2.** 16 *Del.C.* § 4714 provides in relevant part:
"§ 4714. Schedule I.
&ast; &ast; &ast;
"(e) Any material, compound, combination, mixture, synthetic substitute or preparation which contains any quantity of marijuana or any tetrahydrocannabinols, their salts, isomers or salts of isomers."

**3.** 16 *Del.C.* § 4752 provides:
"§ 4752. Prohibited acts B; penalties.

Subsequent testing of the contents of the manila envelope revealed that it contained marijuana, a non-narcotic controlled substance as defined by § 4714(e). Police arrested the defendant later in the evening, charging him with knowingly delivering marijuana in violation of § 4752.

The defendant presented alibi evidence to show that he was not at the delicatessen store at the time police allegedly bought the drugs from him. One of the owners of the store testified that, at the time in issue, the defendant was with her husband, the store's co-owner, on a trip to New Jersey.

The jury found the defendant guilty as charged. Because of the defendant's prior guilty plea to the same offense, and pursuant to § 4763(a)(2)(a), the Trial Judge imposed a mandatory term of three years incarceration without probation or parole.

The defendant appeals.

## II.

The defendant argues that the jury's guilty verdict is unsupported by the evidence. A jury, he contends, may not render a verdict based upon testimony clearly opposed to physical facts, the existence of which is uncontroverted. According to the defendant, the actual facts are inconsistent with police testimony. The defendant points to what he contends are factual inconsistencies inherent in the police testimony. Specifically, he argues that (1) it would have been impossible for anyone to see through the wire mesh covering the store window; and (2) mistaken recollection rendered the police officers' testimony incredible. By contrast, he argues, defense witnesses testified consistently that the defendant was not in the State at the time of the drug sale. We find the defendant's position untenable.

"Except as authorized by this chapter, any person who manufactures, delivers or possesses with intent to manufacture or deliver a controlled substance or a counterfeit controlled substance classified in Schedule I, II, III, IV or V which is not a narcotic drug is guilty of a felony and upon conviction shall be fined not less than $1,000 nor more than $10,000 and imprisoned not more than 10 years."

■ The jury is the sole judge of a witness' credibility and is responsible for resolving conflicts in testimony. *Tyre v. State,* Del.Supr., 412 A.2d 326 (1980). In fulfilling these functions, the jury must consider all the evidence presented; but it is within the jury's discretion to accept one portion of a witness' testimony and reject another part. *State v. Matushefske,* Del. Super., 215 A.2d 443 (1965). The jury reasonably could accept the testimony of the police officer who bought the drugs, despite efforts of the defense to impeach him by showing flaws in his memory. Similarly, the jury reasonably could reject the alibi testimony of witnesses who were apparently biased in favor of the defendant. We hold that there was sufficient substantial evidence to support the jury's verdict. Accordingly, we affirm the conviction.

### III.

The defendant contends, in the alternative, that if the conviction is affirmed, the sentence imposed under § 4763 must be set aside. It is argued that, for the purposes of § 4763, the term "convicted" means the final consummation of the prosecution, necessarily including the sentence; that, therefore, the Trial Court erred in applying the Statute when the defendant had entered a guilty plea the previous day and had not yet been sentenced. This argument is untenable.

■ The word "conviction" must be defined in the statutory or constitutional context in which it is used. *Slawik v. Folsom,* Del.Supr., 410 A.2d 512, 518 (1979); *Lis v. State,* Del.Supr., 327 A.2d 746, 748 (1974). Specifically, as this Court stated in *Lis,* the General Assembly used the word "convicted" in § 4763 "in its general and popular sense, that is, the establishment of guilt independent of judgment and sentence." 327 A.2d at 748. While *Lis* involved a suspended sentence and probation, whereas in the instant case no sentence had been imposed, we find the principle and the applicable rule of construction the same.

4. *Del. Const.* Art. XV, § 6 provides in pertinent part:

It is noted, as in *Lis,* that the construction of the term herein adopted is consistent with the general definition contained in the Delaware Criminal Code. At 11 *Del.C.* § 222(3), it is provided:

"When used in this Criminal Code:

\*   \*   \*

"(3) 'Conviction' means a verdict of guilty by the trier of fact, whether judge or jury, or a plea of guilty or a plea of nolo contendere accepted by the court."

The defendant's reliance upon *Slawik* is misplaced. *Slawik* was a civil action arising from the removal from office of Slawik, a public official who had been found guilty of three federal offenses. The Governor of Delaware, acting pursuant to *Del.Const.* Art. XV, § 6,[4] removed Slawik from office subsequent to the determination of guilt but prior to sentencing. This Court held in *Slawik* that, for the purpose of creating the constitutional "disability of citizenship," under Art. XV, § 6, a "conviction" does not arise until sentencing. 410 A.2d at 515–16.

The defendant argues under *Slawik* that because imposition of a mandatory prison term is, constitutionally, as much a "disability of citizenship" as is removal from public office, a "conviction" to support the enhanced sentencing upon conviction for a subsequent offense does not arise until sentencing is imposed upon the previous offense. We reject the analogy. We view the situation in Slawik as *sui generis* and limit our holding there to the facts and rule of constitutional construction of that case.

Accordingly, we adhere in this case to the general rule enunciated in *Lis:* for the purposes of § 4763, the word "conviction" means the establishment of guilt by plea or verdict, independent of sentence.

\*   \*   \*

Affirmed.

"... The Governor shall remove from office any public officer convicted of misbehavior in office or of any infamous crime."