Affirmed and Opinion filed August 17, 2006








Affirmed and Opinion filed August 17, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00276-CR

____________

 

MARK ANTHONY DUNN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 179th
District Court

Harris County, Texas

Trial Court Cause No. 1013935

 



 

O P I N I O N

Appellant, Mark Anthony Dunn, was convicted by a jury of
burglary of a habitation and sentenced to 25 years incarceration in the Texas
Department of Criminal Justice, Institutional Division.  Appellant complains
the trial erred in denying his motion to quash the enhancement paragraphs in
his indictment, his confrontation rights were violated because the declarant
was unavailable to testify, and hearsay testimony was improperly admitted as an
excited utterance.  We affirm.








                                                  Background

Appellant and the complainant, Yolanda Dunn, were married
in July 2002.  That same month, Dunn, who was six months pregnant went to a
domestic violence shelter with her six-year-old daughter.  Dunn stayed at the
shelter for about two months.  With the assistance of a caseworker at the
shelter, Dunn obtained a protective order against appellant in September 2002,
and moved into an apartment.  Dunn and appellant=s son was born in
October 2002.

On the evening of November 15, 2002, Dunn=s mother, Carmen
Lovett, arrived in Houston from Delaware to help her move back to Delaware. 
Dunn picked Lovett up from the airport and took her back to her apartment. 
Lovett testified that shortly after arriving at the apartment, they heard a
loud noise outside and then heard appellant call Dunn=s name.  According
to Lovett, appellant yelled that he knew Dunn was in the apartment and AI=m going to get
you.  Open the door.  I have the baby=s car seat.  I
have all the information that you have for renting a car.@  The baby=s car seat was in
the car Dunn had rented.  The doors and windows to the apartment were locked
and Dunn did not respond to appellant=s threats.  Dunn
was nervous, scared, and crying.

Lovett stated that she and Dunn were in the living room
where Dunn called 911 and told the operator that appellant was trying to break
in and she had a protective order against him.  They were moving to the
bathroom when they heard a window shatter.  Lovett, Dunn, her daughter, and
infant son were in the bathroom.  Lovett and Dunn tried to hold the door closed
as appellant banged on it.  Appellant broke the door off the top hinge and
broke the door in half.  Appellant came into the bathroom, but left when Dunn
said the baby was in there.[1] 









Officer Minh Tran of the Houston Police Department
responded to a call at Dunn=s apartment.  When Tran arrived, he found
a front window to the apartment Apunched in,@ i.e., the glass
was inside the apartment.  According to Tran, it was possible to reach through
the broken window and unlock the front door.  Tran found the bathroom door
broken in two pieces and laying on the bathroom floor.  Tran verified that the
residence was the subject of a protective order.

                                      Enhancement Paragraphs

In his first through third points of error, appellant
claims the trial court erred in denying his motion to quash the two enhancement
paragraphs contained in the indictment alleging two prior Delaware felony convictions
because both prior offenses were for probated terms, which were not revoked
and, therefore, are not final under Texas law.  

The indictment contained two enhancement paragraphs, which
alleged that appellant had been convicted in Delaware of (1) assault prior to
the commission of the current offense and (2) possession with intent to deliver
cocaine prior to the commission of the primary offense.  Appellant moved to
quash the two enhancement paragraphs because the prior Delaware convictions
were for probated terms.  The trial court overruled appellant=s motion to
quash.  Appellant pleaded true to the first enhancement paragraph, but pleaded
not true to the second enhancement paragraph.  After having been instructed to
find the allegations in enhancement paragraph one true, the jury also found the
allegations in enhancement paragraph two true.  The State used the enhancement
paragraphs to elevate appellant=s sentence to that of habitual offender
with a minimum sentence of 25 years imprisonment.  

With respect to
the Delaware conviction for assault, the order of the Delaware Superior Court
states, in relevant part:

EFFECTIVE MAY 11, 1990 THE
DEFENDANT IS PLACED IN THE CUSTODY OF THE DEPARTMENT OF CORRECTION AT
SUPERVISION LEVEL 5 FOR A PERIOD OF 5 YEARS INCLUDING CREDIT FOR 10 DAYS
PREVIOUSLY SERVED.

                                                    *       
*        *








AFTER SERVING 3 MONTHS, THIS
SENTENCE IS SUSPENDED FOR 3 YEARS AT LEVEL 2.

With respect to
the Delaware conviction for possession with intent to deliver cocaine, the
order of the Delaware Superior Court states, in relevant part: 

EFFECTIVE JULY 7, 1992 THE
DEFENDANT IS PLACED IN THE CUSTODY OF THE DEPARTMENT OF CORRECTION AT SUPERVISION
LEVEL 5 FOR A PERIOD OF 1 YEAR INCLUDING CREDIT FOR 1 DAY PREVIOUSLY SERVED.  

                                                    *       
*        *

THIS SENTENCE IS SUSPENDED FOR 1
YEAR AT LEVEL 2. 

Under Texas law, a probated sentence is not final for
enhancement purposes unless it has been revoked.  Jordan v. State, 36
S.W.3d 871, 875 (Tex. Crim. App. 2001).  It is the State=s burden to prove
that a prior conviction used to enhance punishment under Section 12.42 of the
Texas Penal Code[2]
is a final conviction.  Spiers v. State, 552 S.W.2d 851, 852 (Tex. Crim.
App. 1977). 








Under Delaware law, appellant=s prior
convictions are considered final.  Lis v. State, 327 A.2d 746, 748 (Del.
1974).[3] 
The State has met its burden of establishing appellant=s prior Delaware
convictions were final convictions under Delaware law.[4] 
Therefore, the trial court did not err in denying appellant=s motion to quash
and admitting the Delaware convictions into evidence.  Appellant=s first, second,
and third points of error are overruled.

                                             Excited Utterance

In his fifth point of error, appellant claims the trial
court erred in allowing into evidence hearsay statements that were not covered
by the excited utterance exception to the hearsay rule.  An excited utterance
is A[a] statement
relating to a startling event or condition made while the declarant was under
the stress of excitement caused by the event or condition.@  Tex. R. Evid. 803(2).  When ascertaining
if a statement is an excited utterance under Rule 803(2) of the Texas Rules of
Evidence, the crux of the inquiry is A>whether the
declarant was still dominated by the emotions, excitement, fear, or pain of the
event.=@  King v. State,
953 S.W.2d 266, 269 (Tex. Crim. App. 1997) (quoting McFarland v. State,
845 S.W.2d 824, 846 (Tex. Crim. App. 1992), overruled on other grounds by
Bingham v. State, 915 S.W.2d 9 (Tex. Crim. App. 1994)).  The excited
utterance exception is based on the assumption that the declarant is not, at
the time of the statement, capable of the kind of reflection that would enable
him to fabricate information.  Apolinar v. State, 155 S.W.3d 184, 186
(Tex. Crim. App. 2005).  Factors the trial court may consider in its
determination include the length of time between the occurrence and the
statement, the nature of the declarant, whether the statement is made in
response to a question, and whether the statement is self-serving.  Id.
at 187.  We review a trial court=s ruling on the
admission of a statement as an excited utterance for an abuse of discretion.  Wall
v. State, 184 S.W.3d 730, 743 (Tex. Crim. App. 2006).  








Appellant complains that Lovett was permitted to testify as
to the startling event that Dunn perceived and conveyed to the 911 operator. 
When Lovett started to testify about what Dunn had told the 911 operator,
appellant objected on the basis of hearsay.  The trial court sustained
appellant=s objection.  The prosecutor asked Lovett about Dunn=s condition as
appellant was yelling at her and banging on the door.  Lovett testified that
Dunn was nervous, scared, upset, and crying.  Appellant, again, objected on
hearsay and the State responded that it was an excited utterance.  The trial
court overruled appellant=s objection.  Lovett testified that Dunn
told the 911 operator that appellant was trying to break into her apartment and
she had a protective order against him.  

We find that Dunn=s statement to the
911 operator was an excited utterance.  Dunn was clearly dominated by the event
as appellant was yelling threats at her and banging on the door.  Appellant
agrees Lovett=s testimony that Dunn was nervous, scare, upset, and
crying is sufficient to satisfy the requirements of the excited utterance
exception, but argues only the 911 operator may properly testify about the
statements made by Dunn while she was experiencing the event and Lovett should
have testified only about the startling event that Dunn perceived.  Appellant
reasons that the Atrustworthiness of the statements made by
[Dunn] are lost, however, on a person that was not the recipient of the
statements made while in [the] >grips of a startling event.=@  Appellants cites
no authority for this proposition and we have found none.  We see no difference
in Dunn=s statements
coming in through the recipient, i.e., the 911 operator, and another witness
who was present when the statement was made, i.e., Dunn=s mother.  








In any event, even if the trial court committed error, we
conclude that such error is harmless.  Under Rule 44.2(b) of the Texas Rules of
Appellate Procedure, any nonconstitutional error that does not affect appellant=s substantial
rights must be disregarded.  Tex. R. App.
P. 44.2(b).  The erroneous admission of evidence does not affect substantial
rights if the reviewing court, A>after examining
the record as a whole, has fair assurance that the error did not influence the
jury, or had but a slight effect.=@  Guevara v.
State, 152 S.W.3d 45, 53 (Tex. Crim. App. 2004) (quoting Solomon v.
State, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001)).  

Here, evidence of Dunn=s protective order
came in without objection through the testimony of Juanita Zavala, a caseworker
at the domestic violence shelter where Dunn sought help in July 2002.  Zavala
testified that she helped Dunn obtain a protective order against appellant. 
The protective order, which was granted in September 2002, was valid for two
years, and was in effect at the time of the burglary.  The protective order was
admitted into evidence without objection.  Moreover, as previously set out,
Lovett described in detail her observations regarding appellant=s breaking into
Dunn=s apartment and
breaking the door of the bathroom off its hinges as she, Dunn, and the children
were huddled in the bathroom. 

Questions regarding the admission of evidence are rendered
moot if the same evidence is elsewhere introduced without objection.  Chamberlain
v. State, 998 S.W.2d 230, 235 (Tex. Crim. App. 1999).  We conclude the
admission of Dunn=s statements to the 911 operator did not
influence the jury or had only a slight effect.  Appellant=s fifth point of
error is overruled.

                                        Right to Confrontation








In his fourth
point of error, appellant claims his confrontation rights were violated under Crawford
v. Washington, 541 U.S. 36 (2004) when the trial court allowed the police
and Lovett to testify about statements made by Dunn when she was unavailable to
testify.[5] 
Under Crawford, the admission of a hearsay statement made by a
non-testifying declarant  violates the Sixth Amendment if the statement was
testimonial, and the defendant did not have a prior opportunity for
cross-examination.  Wall, 184 S.W.3d at 734 (citing Crawford, 541
U.S. at 68).  Therefore, a testimonial statement is inadmissible absent a
showing that the declarant is presently unavailable and the defendant had a
prior opportunity to cross-examine, even if the statement falls under an
exception to the hearsay rule.  Id. at 734B35.  The threshold
issue under Crawford is whether the statement to be admitted is
testimonial.  Spencer v. State, 162 S.W.3d 877, 879 (Tex. App.CHouston [14th
Dist.] 2005, pet. ref=d).  We have identified the following
principles as guidance in determining whether statements are testimonial in
nature: 

(1) Testimonial statements are official and formal in nature. 

(2) Interaction with the police initiated by a witness or the victim is
less likely to result in testimonial statements than if initiated by the
police.

(3) Spontaneous statements to the police are not testimonial.

(4) Responses to
preliminary questions by police at the scene of the crime while police are
assessing and securing the scene are not testimonial.

Ruth
v. State, 167 S.W.3d 560, 568B69 (Tex. App.CHouston [14th
Dist.] 2005, pet. ref=d) (citing Spencer, 162 S.W.3d at
879).  

We review a constitutional legal ruling, i.e., whether a
statement is testimonial or non-testimonial, de novo.  Wall, 184 S.W.3d
at 742.  The legal ruling regarding whether a statement is testimonial under Crawford
is determined by the standard of an objectively reasonable declarant in the
shoes of the actual declarant.  Id. at 742B43.  








Officer Tran answered the dispatch and arrived a few
minutes after the incident.  In response to the prosecutor=s questioning,
Tran described Dunn=s appearance, i.e., that she was crying
and appeared to be very scared, and her voice was shaky.  When the prosecutor
asked Tran what Dunn had told him, appellant=s counsel objected
on the basis of hearsay and a conference was held at the bench where appellant=s counsel added a Crawford
objection.  The prosecutor argued it was an excited utterance.  At the
conclusion of the bench conference, the trial court commented that Awe=re going to try to
determine whether or not this is an excited utterance. . . . We=ll see how it
goes. @  Attempting to
prove up an excited utterance, the prosecutor asked Tran what time he received
the dispatch and how long after that he arrived at the scene.  When the
prosecutor asked Tran what Dunn said when he asked her what happened, appellant=s counsel stated AJudge, same
objection.@  The trial court sustained the objection and another
conference was held at the bench.  Tran did not testify about any statements
Dunn made to him, but only about his observations of the crime scene. 

Officer Jonathan French of the Houston Police Department
was dispatched as a follow-up call to Dunn=s apartment on the
report Tran had made earlier.  French told Dunn he would supplement the report
and sent Aa message citywide, which meant it went to every
officer on duty at the time.  It went to their computer screen with the suspect
vehicle and suspect description, and that helped her calm down quite a bit.@  French did not
testify about any statements Dunn made to him regarding the burglary.  

As previously discussed above, the trial court allowed
Lovett to testify about what Dunn told the 911 operator.  Appellant, however,
objected to Lovett=s testimony regarding Dunn=s statements to
the 911 operator on hearsay, not on a violation of his right to confrontation. 
By failing to base his objection on confrontation grounds under Crawford,
appellant has waived this issue on appeal.  Rios v. State, No.
01-04-00795-CR, 2005 WL 3077220, at *3 (Tex. App.CHouston [1st
Dist.] Nov. 17, 2005, pet. dism=d); Oveal v. State, 164 S.W.3d 735,
739 n.2 (Tex. App.CHouston [14th Dist.] 2005, pet. ref=d).  

Even if appellant had not waived this complaint, it is
without merit.  We have already determined that Dunn=s statements to
the 911 operator were an excited utterance.  However, this does not end our
inquiry.  Excited utterance and testimonial hearsay inquiries are separate, but
related.  Wall, 184 S.W.3d at 742.  The excited utterance inquiry
focuses on whether the declarant was under the stress of a startling event.  Id. 
The testimonial hearsay inquiry focuses on whether a reasonable declarant,
excited by the stress of a startling event, would have had the capacity to
appreciate the legal ramifications of her statement.  Id.  Because we
have already determined Dunn=s statements to the 911 operator were an
excited utterance, we must look to the attendant circumstances and assess the
likelihood that a reasonable person would have retained or regained the
capacity to make a testimonial statement at the time of the utterance.  Id. 









Whether statements made in a 911 call are testimonial in
nature depends on the circumstances of each case.  Ruth, 167 S.W.3d at
569.  Statements made during 911 calls are not given in response to structured
police questioning or with an eye to future legal proceedings, but, instead,
are initiated by a victim or witness to obtain police assistance.  Id. 
Moreover, such statements do not bear any of the official, formal qualities of
the police interactions the Confrontation Clause was intended to protect
against.  Id.  Dunn=s statements to the 911 operator were not
formal in nature, but spontaneous, i.e., made during the course of appellant=s attempting to,
and successfully breaking into her apartment.  Under the circumstances, we find
it unlikely that a reasonable declarant would have retained the capacity to
make a testimonial statement.  Therefore, we conclude Dunn=s statements to
the 911 operator were not testimonial in nature and do not implicate appellant=s confrontation
rights.

Finally, error, if any, is harmless.  In cases of
constitutional error we must reverse the conviction unless we determine beyond
a reasonable doubt that the error did not contribute to the conviction.  Tex. R. App. P. 44.2(a); Simpson v.
State, 119 S.W.3d 262, 269 (Tex. Crim. App. 2003).  The presence of other
overwhelming evidence, properly admitted, supporting the material fact to which
the admissible evidence was directed may be an important factor in conducting a
harm analysis.  Wall, 184 S.W.3d at 746.  

As observed in our discussion of appellant=s fifth point of
error, evidence of the protective order against appellant came in through the
testimony of the caseworker from the domestic violence shelter where Dunn had
sought help and through the admission of the protective order into evidence. 
Also, Lovett testified in great detail about the events surrounding appellant=s breaking into
Dunn=s apartment.  We
conclude beyond a reasonable doubt that the admission of Dunn=s statements to
the 911 operator did not contribute to appellant=s conviction.  Id.;
see also Chamberlain, 998 S.W.2d at 235 (stating that questions
regarding the admission of evidence are rendered moot if the same evidence is
elsewhere introduced without objection).  Appellant=s fourth point of
error is overruled.  








Accordingly, the judgment of the trial court is affirmed.  

 

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment rendered
and Opinion filed August 17, 2006.

Panel consists of
Justices Hudson, Fowler, and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  Appellant presented two witnesses who testified that
he was at home on the evening of November 15, 2002, watching a movie and never
went out.





[2]  Tex. Pen.
Code Ann. ' 12.42 (Vernon 2003 & Supp. 2005).  





[3]  The Delaware Supreme Court explained:  

[I]t would
simply beg logic and common sense to say that a person adjudicated guilty of an
offense who is fined, ordered imprisoned, with execution >suspended,=
and then placed on probation for two years has not been convicted under the
statute.

Lis, 327
A.2d at 748.  





[4]  See, e.g., Skillern v. State, 890 S.W.2d 849,
882 (Tex. App.CAustin 1994, pet. ref=d) (holding that because a suspended or probated sentence is regarded
as a final conviction for enhancement purposes under Federal law, the State had
met its burden of showing the defendant=s
prior conviction was final and, therefore, could be used for enhancement); Dominque
v. State, 787 S.W.2d 107, 108B09
(Tex. App.CHouston [14th Dist.] 1990, pet. ref=d, untimely filed) (holding that because prior felony
convictions constituted final convictions under Louisiana law, the State had
met its burden of proving the defendant=s
prior conviction was final and, therefore, could be used for enhancement
purposes); cf. Diremiggio v. State, 637 S.W.2d 926, 928B29 (Tex. Crim. App. 1982) (holding that because Athe State made no effort to enlighten the trial court
if it had proof that such a conviction was considered to be >final= under Virginia
law,@ it failed to make a prima facie showing that the
prior Virginia conviction alleged in the enhancement paragraph of the
indictment was a final conviction).  





[5]  Dunn passed away on January 17, 2003, about two
months after the burglary.