WILLIAM BRISCO, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 130, 2008.
Supreme Court of Delaware.
Submitted: May 20, 2008.
Decided: June 23, 2008.
Before STEELE, Chief Justice, HOLLAND and JACOBS, Justices.

ORDER
RANDY J. HOLLAND, Justice.
This 23rd day of June 2008, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:
(1) The defendant-appellant, William Brisco, filed an appeal from a Superior Court February 19, 2008, order denying his motion for postconviction relief pursuant to Superior Court Criminal Rule 61. The plaintiff-appellee, the State of Delaware, has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit. We agree and affirm.
(2) In November 2005, a Superior Court jury found Brisco guilty of two counts of Robbery in the First Degree. He was sentenced to a total of fourteen and a half years at Level V, to be followed after ten years by decreasing levels of supervision. Brisco's convictions and sentences were affirmed by this Court on direct appeal.[1]
(3) In this appeal from the Superior Court's denial of his postconviction motion, Brisco claims that the Superior Court erred when it determined that his counsel's failure to raise the issues of insufficiency of the evidence and a defective indictment on direct appeal did not constitute ineffective assistance.
(4) In order to prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate that his counsel's representation fell below an objective standard of reasonableness and that, but for his counsel's unprofessional errors, there is a reasonable probability that the outcome of the proceedings would have been different.[2] Although not insurmountable, the Strickland standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable."[3]
(5) Brisco first claims that his attorney provided ineffective assistance by failing to argue on direct appeal that the evidence was insufficient to convict him of first-degree robbery. The record reflects that during both robberies, Brisco passed a note to the teller stating that he had a gun. Even though he did not display what appeared to be a deadly weapon, he nevertheless engaged in conduct that clearly implied he was armed. As such, there was more than sufficient evidence to support Brisco's two first-degree robbery convictions.[4] Thus, because Brisco has not demonstrated that his attorney provided ineffective assistance by not arguing insufficiency of the evidence, we conclude that his first claim is without merit.
(6) Brisco next claims that his attorney provided ineffective assistance by failing to argue on direct appeal that his indictment was defective because it did not specifically define the term "deadly weapon." One of the primary purposes of an indictment is to put the accused on notice of what specific charges have been brought against him.[5] This Court has held that identifying the deadly weapon in the indictment constitutes sufficient notice to the accused.[6] Because Brisco's indictment referred to a "gun" as the deadly weapon in question, it provided sufficient notice to Brisco of the nature of the charges against him. As such, we conclude that Brisco's attorney committed no error when by not arguing on direct appeal that the indictment was defective. Therefore, Brisco's second claim is also without merit.
(7) It is manifest on the face of the opening brief that this appeal is without merit because the issues presented on appeal are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, there was no abuse of discretion.
NOW, THEREFORE, IT IS ORDERED that, pursuant to Supreme Court Rule 25(a), the State of Delaware's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
NOTES
[1] Brisco v. State, Del. Supr., No. 162, 2006, Ridgely, J. (Jan. 30, 2007).
[2] Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).
[3] Flamer v. State, 585 A.2d 736, 753 (Del. 1990).
[4] Walton v. State, 821 A.2d 871, 874-78 (Del. 2003); Del. Code Ann. tit. 11, § 832(a) (2).
[5] Malloy v. State, 462 A.2d 1088, 1092 (Del. 1983).
[6] Jeffers v. State, 934 A.2d 908, 911 (Del. 2007).