IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HERBERT CLANTON, | § | |
| | § | No. 277, 2016 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 1411018085 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: October 20, 2016
Decided: January 12, 2017

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

**O R D E R**

This 12th day of January 2017, upon consideration of the appellant's Supreme Court Rule 26(c) brief, his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:

(1)  In February 2016, a Superior Court jury found the defendant-appellant, Herbert Clanton, guilty of Burglary in the Second Degree, Kidnapping in the Second Degree, and Strangulation.  The jury acquitted Clanton of Home Invasion and Rape in the Second Degree.  The Superior Court sentenced Clanton as a habitual offender on his kidnapping and burglary convictions to a total period of twenty-three years at Level V imprisonment.  Additionally, the Superior Court sentenced Clanton on his strangulation conviction to five years at Level V

imprisonment, to be suspended for two years at Level III probation. This is Clanton's direct appeal.

(2) Clanton's counsel on appeal has filed a brief and a motion to withdraw under Rule 26(c). Clanton's counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. By letter, Clanton's attorney informed him of the provisions of Rule 26(c) and provided Clanton with a copy of the motion to withdraw and the accompanying brief. Clanton also was informed of his right to supplement his attorney's presentation.

(3) In response to his counsel's motion and brief, Clanton raised three issues for this Court's consideration. First, he contends that the prosecutor engaged in misconduct by presenting inconsistent evidence to the jury. Second, he asserts that the Superior Court relied upon inaccurate information in sentencing him. Third, he contends that the State engaged in an illegal search of his cell phone before obtaining a search warrant. The State has responded to Clanton's points, as well as to the position taken by Clanton's counsel, and has moved to affirm the Superior Court's judgment.

(4) The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) this Court must be satisfied that defense counsel has made a conscientious

examination of the record and the law for arguable claims; and (b) this Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

(5) The evidence presented by the State at trial reflects the following version of events: On the morning on November 29, 2014, Clanton accosted the victim, who was his ex-girlfriend, as she was leaving her apartment to go to work. He forced her back into the apartment, where he kept her against her will for several hours. He slapped the victim and choked her causing her to lose consciousness. At one point during the ordeal, he slammed the victim up against the wall causing damage to the wall. He forced her to call her employer to explain that she would not be reporting to work that day. Two neighbors heard the victim screaming and begging her assailant not to kill her. One of the neighbors called police.

(6) The officer who arrived at the apartment did not hear any noise coming from inside. He knocked on the door, but Clanton would not allow the victim to answer. The officer left. In order to escape, the victim convinced Clanton that she wanted to be with him again, and she engaged in sexual intercourse with him. Eventually, Clanton left the apartment around 3 PM. The

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

3

victim ran to a neighbor's apartment where she called 911. The jury acquitted Clanton of Rape in the Second Degree and Home Invasion but convicted him of the remaining charges.

(7) The first issue that Clanton raises on appeal is a claim of prosecutorial misconduct. Clanton contends that the prosecutor knowingly allowed the victim to present inconsistent testimony. Clanton, however, did not raise any objection to the prosecutor's conduct at trial. Accordingly, because no objection was raised, we will review this claim for plain error only.[2] Plain error exists when the error complained of is apparent on the face of the record and is so prejudicial to a defendant's substantial rights as to jeopardize the integrity and fairness of the trial.[3] The burden of persuasion is on the defendant to show prejudice.[4]

(8) In this case, Clanton does not allege, and the record does not reflect in any way, that the prosecutor induced the victim or coached her improperly to testify as she did. To the extent that the victim gave testimony that was inconsistent with other evidence, it was the jury's responsibility to judge the credibility of the witnesses and to resolve any conflicts in the evidence.[5] To the extent there were any discrepancies in the victim's testimony, it was entirely within

---

[2] Del. R. Evid. 103(d).

[3] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).

[4] *Brown v. State*, 897 A.2d 748, 753 (Del. 2006).

[5] *Tyre v. State*, 412 A.2d 326, 330 (Del. 1980).

the jury's purview to credit part of her testimony while rejecting other parts.[6] Under the circumstances, Clanton has not met his burden of showing any prejudice.

(9) Clanton's second claim is the Superior Court improperly relied upon the victim's inconsistent statements at sentencing. As a general rule, this Court's review of a sentence is limited to ascertaining whether the sentence is within the statutory limits.[7] If a sentence is within the statutory range of authorized sentences, this Court will not find error or abuse unless it is clear from the record that the sentencing court relied upon demonstrably false information or information lacking a minimum indicia of reliability.[8] In this case, there is nothing in the record to reflect that the judge relied upon false or unreliable information in sentencing Clanton as a habitual offender. Clanton's habitual offender status is supported by the evidence, and his sentence is authorized under the habitual offender statute.[9] Under the circumstances, we find no merit to this claim.

(10) Clanton's final claim is that the police searched his cell phone before obtaining a search warrant. The record, however, does not support the factual basis for Clanton's assertion. The record reflects that Clanton was arrested on

---

[6] *Pryor v. State*, 453 A.2d 98, 100 (Del. 1982).

[7] *Siple v. State*, 701 A.2d 79, 83 (Del. 1997).

[8] *See Fink v. State*, 817 A.2d 781, 790 (Del. 2002).

[9] 11 *Del. C.* § 4214(a).

December 4, 2012. Two months after his arrest, the police obtained a search warrant for his cell phone. Although Clanton asserts that the police conducted a cursory search of his phone before obtaining the warrant, there is simply nothing in the record to support his claim. Moreover, Clanton did not raise this argument below by filing a motion to suppress the fruits of the cell phone search. In the absence of plain error, which we do not find, Clanton has waived this claim on appeal.[10]

(11) This Court has reviewed the record carefully and has concluded that Clanton's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Clanton's counsel has made a conscientious effort to examine the record and the law and has properly determined that Clanton could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[10] Del. Supr. Ct. R. 8.

6