IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DENZEL NICKERSON, | § | |
| | § | No. 330, 2017 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1610017497 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: April 3, 2018
Decided: May 15, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

**O R D E R**

This 15th day of May 2018, upon consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, and the record below, it appears to the Court that:

(1) In June 2017, a Superior Court jury found the appellant, Denzel Nickerson, guilty of Drug Dealing (Tier 2), Aggravated Possession (Tier 2), and Resisting Arrest. The Aggravated Possession conviction was merged with the Drug Dealing conviction for purposes of sentencing. The Superior Court sentenced Nickerson as follows: (i) for Drug Dealing, fifteen years of Level V incarceration, suspended after five years for decreasing levels of supervision; and (ii) for Resisting

Arrest, one year of Level V incarceration, suspended for one year of Level II probation. This is Nickerson's direct appeal.

(2) The State's witnesses at trial included a friend of Nickerson's niece, four police officers, and a forensic analyst chemist from the Department of Forensic Sciences. The friend of Nickerson's niece testified that, late in the afternoon on October 27, 2016, she was in the back seat of a car her friend was driving. Nickerson was in the front passenger seat. Nickerson's niece stopped at an apartment complex where Nickerson got out of the car. Shortly thereafter the police came to the car and told the girls to get out.

(3) Detective Matthew Radcliffe testified that, around dusk on October 27, 2016, he and other members of the Delaware State Police's Governor's Task Force were at an apartment complex (Patrician Terrace) near Route 7 in New Castle County.[1] Detective Radcliffe, who was wearing a vest with a State police badge, saw Nickerson and left his car to approach him. Nickerson was advised to stop, but he immediately ran away. The police officers ran after Nickerson, identifying themselves as police, and telling Nickerson to stop.

(4) Detective Radcliffe saw Nickerson throw a black bag between two cars as he was running away from the police. Officer Bryan Vettori grabbed Nickerson,

---

[1] As discussed in more detail below, the police were at the apartment complex based on the tip of a confidential informant.

2

who broke free. Another police officer deployed his taser, which caused Nickerson to slow down. Nickerson continued to resist as the police officers brought him to the ground and handcuffed him.

(5)     Officer Vettori testified that he was with Detective Radcliffe and other police officers at the Patrician Terrace Apartment Complex on October 27, 2016. Officer Vettori saw Nickerson, left his car, approached Nickerson, identified himself as a police officer, and told Nickerson to get on the ground. Nickerson immediately turned and ran away. Officer Vettori chased Nickerson with Detective Radcliffe. After Nickerson was seized and handcuffed, Officer Vettori went to the area where he saw Nickerson throw a black bag. He found a black plastic bag under a SUV.

(6)     Officer Vettori gave the black bag to Officer Thomas Rhoades. Officer Rhoades testified that the black bag contained 325 small bags. A forensic analytical chemist testified that testing of a random sampling of the substance in the bags confirmed that it was heroin. The drug weight of the bags was over two grams. Detective Trevor Riccobon testified that the packaging of the heroin was consistent with drug dealing, not personal use.

(7)     On appeal, Nickerson's counsel ("Counsel") filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable

3

issues. Counsel informed Nickerson of the provisions of Rule 26(c) and provided Nickerson with a copy of the motion to withdraw and the accompanying brief.

(8)    Counsel also informed Nickerson of his right to identify any points he wished this Court to consider on appeal. Nickerson has raised several issues for this Court's consideration. The State has responded to the Rule 26(c) brief and has moved to affirm the Superior Court's judgment.

(9)    When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[2]

(10)    The issues Nickerson raises on appeal may be summarized as follows: (i) Counsel was ineffective because she did not file certain motions he wanted her to file; (ii) the confidential informant's reliability was not established, the confidential informant's information was not corroborated, and the police lacked reasonable articulable suspicion to detain Nickerson; (iii) the police officers failed to comply with 11 *Del. C.* § 1902; and (iv) some of the police officers' trial testimony was inconsistent with their reports. As to Nickerson's claim that Counsel failed to file

---

[2] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

motions he wanted her to file, this Court will not consider a claim of ineffective assistance of counsel for the first time on direct appeal.[3]

(11)   Nickerson next argues that the confidential informant's reliability was not established, the confidential informant's information was not corroborated, and the police lacked reasonable articulable suspicion to detain Nickerson.  Nickerson did not raise this claim in the Superior Court, so we review for plain error.[4]  "Under the plain error standard of review, the error complained of must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process."[5]  The burden of persuasion is on the defendant to show prejudice.[6]

(12)   "An informant's tip may provide reasonable suspicion for a stop and seizure where the totality of the circumstances, if corroborated, indicates that the information is reliable."[7]  To make that determination, "a court must consider the reliability of the informant, the details contained in the informant's tip, and the degree to which the tip is corroborated by independent police surveillance and information."[8]

(13)   In this case, the confidential informant told the police someone he knew by sight, but not name, would be delivering heroin to the mail box area of the

---

[3] *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994).
[4] Supr. Ct. R. 8; *Wainwright t. State*, 504 A.2d 1096, 1099-11 (Del. 1986).
[5] *Wainwright*, 504 A.2d at 1100.
[6] *Brown v. State*, 897 A.2d 748, 752 (Del. 2006).
[7] *Miller v. State*, 25 A.3d 768, 771 (Del. 2011).
[8] *Brown*, 897 A.2d at 751.

5

Patrician Terrace Complex on October 27, 2016. The informant was with police officers during their surveillance of the area. The informant identified Nickerson as the person delivering the heroin as he walked past the informant to the mail boxes. Nickerson was the only person near the mail boxes. The informant provided specific information (date, location, and nature of the illegal activity) that was predictive of Nickerson's actions and corroborated by the police when Nickerson approached the designated area on the designated date and the informant contemporaneously identified Nickerson as the person delivering the heroin. Under these circumstances, there is no plain error. The informant's information was corroborated and the police officers had reasonable articulable suspicion to detain Nickerson.[9]

(14) Nickerson next contends that the police officers failed to comply with 11 *Del. C.* § 1902 because they did not first ask him for his name, address, business abroad, or destination. Nickerson did not raise this claim below so we review for plain error.[10] Under § 1902, "[a] peace officer may stop any person abroad, or in a public place, who the officer has reasonable ground to suspect is committing, has committed or is about to commit a crime, and may demand the person's name, address, business abroad and destination."

---

[9] *See, e.g.*, *Miller*, 25 A.3d at 773 (holding police had reasonable suspicion to stop and detain person for suspected drug dealing where the informant, who was not a past-proven reliable source of information, told the police two men of a certain appearance would drive to a specific part of a parking lot to deliver heroin and contemporaneously confirmed with the police that the car in the designated part of the parking lot was the correct one).

[10] *See supra* n.4.

(15)  As this Court has previously noted, "§ 1902(a) specifies that the officer 'may' demand of a person answers to the enumerated inquiries. The mandatory term 'shall' is not used."[11]  The police had reasonable articulable suspicion to detain Nickerson.[12]  Nickerson ignores that the police had no opportunity to ask the § 1902 questions because he immediately fled when they approached him.  Under these circumstances, there is no plain error.

(16)  Finally, Nickerson argues that there were inconsistencies between the reports and testimony of Detective Radcliffe, Officer Vettori, and Detective Hogate. On cross-examination, Counsel explored the differences between the reports and testimony of Detective Radcliffe and Officer Vettori.  Detective Hogate did not testify at trial.  To the extent there were any inconsistencies between the testimony of the police officers and their reports, the jury was solely responsible for judging the credibility of the witnesses and resolving any conflicts in the evidence.[13]  This claim is without merit.

(17)  This Court has reviewed the record carefully and has concluded that Nickerson's appeal is wholly without merit and devoid of any arguably appealable issue.  We also are satisfied that Counsel has made a conscientious effort to examine

---

[11] *Buckingham v. State*, 482 A.2d 327, 333 (Del. 1984)
[12] *See supra* ¶ 13 .
[13] *Pryor v. State*, 453 A.2d 98, 100 (Del. 1982).

the record and the law and has properly determined that Nickerson could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:


*/s/ Karen L. Valihura*
Justice