**Hector GREENE, Defendant Below–Appellant,**

v.

**STATE of Delaware, Plaintiff Below–Appellee.**

No. 124, 2008.

Supreme Court of Delaware.

Submitted: Sept. 22, 2008.
Decided: Dec. 11, 2008.

Sandra W. Dean, Esquire, Assistant Public Defender, Dover, Delaware, for appellant.

John Williams, Esquire, Department of Justice, Dover, Delaware, for appellee.

HOLLAND, Justice.

The defendant-appellant, Hector Greene, was indicted on four counts of felony theft and one count of second degree conspiracy for allegedly stealing four television sets from the Boscov's department store in Dover, Delaware. A Superior Court jury convicted Greene of one count of receiving stolen property (as a lesser included offense of felony theft) and second degree conspiracy. The Superior Court sentenced Greene as a habitual offender to a total period of two years at Level V imprisonment followed by six months at Level IV work release. This is Greene's direct appeal.

Greene's counsel on appeal has filed a brief and a motion to withdraw pursuant to Rule 26(c). Greene's counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. By letter, Greene's attorney informed him of the provisions of Rule 26(c) and provided Greene with a copy of the motion to withdraw and the accompanying brief. Greene also was informed of his right to supplement his attorney's presentation. Greene has raised five issues for this Court's consideration. The State has responded to Greene's points, as well as to the position taken by

Greene's counsel, and has moved to affirm the Superior Court's judgment.

The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) this Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (b) this Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

Greene has raised the following five issues in response to his attorney's brief: (i) the hearing to determine his habitual offender status should have been held at a different time than his sentencing; (ii) two prosecution witnesses gave inappropriate testimony based on hearsay; (iii) the prosecutor engaged in misconduct; (iv) the police improperly questioned him without informing him they already had a warrant for his arrest; and (v) the order requiring restitution for four television sets was erroneous because Greene was convicted of only one count of receiving stolen property.

■ The State concedes that there is no evidence in the record to reflect that Greene was read his *Miranda* rights prior to being questioned by the police.[2] Thus, the inculpatory statements Greene made to the officer should not have been admitted at trial. Although the State argues that admission of this evidence at trial was harmless error, that issue constitutes an arguable issue precluding summary disposition of Greene's appeal.

The motion to withdraw is GRANTED, and the motion to affirm is DENIED. Thomas Donovan, Esquire is hereby appointed as substitute counsel to represent Greene in this appeal. Counsel is directed to file an opening brief addressing the arguable issue identified above and any other arguable issues counsel identifies based upon his independent review of the record. The Clerk of the Court shall issue a revised briefing schedule forthwith.

1. *Penson v. Ohio*, 488 U.S. 75, 83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988); *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

2. *See Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) (holding that statements obtained during custodial interrogation are inadmissible absent a prior warning advising a suspect of rights under Fifth Amendment).