Hector GREENE, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

No. 124, 2008.

Supreme Court of Delaware.

Submitted: March 11, 2009.
Decided: March 17, 2009.

Thomas D. Donovan, Esquire, Dover, Delaware, for appellant.

John Williams, Esquire, Department of Justice, Dover, Delaware, for appellee.

Before HOLLAND, BERGER and JACOBS, Justices.

HOLLAND, Justice.

The defendant-appellant, Hector Greene, appeals from two Superior Court final judgments of conviction. A jury convicted Greene of Receiving Stolen Property and Conspiracy in the Second Degree. On appeal, Greene argues that: first, the trial judge erred by admitting into evidence statements that he made to an investigating detective without a prior *Miranda*[1] warning, and second, no rational trier of fact could have convicted him of Conspiracy, because the State produced no evidence of an agreement to commit a criminal act. We have concluded that both arguments are without merit. Therefore, the judgments of the Superior Court must be affirmed.

### *Facts*

On February 27, 2007, Greene anonymously contacted Michael Pantalione, Jr., the loss prevention manager at Boscov's department store in Dover, to report the theft of television sets from that store. Greene told Pantalione that Isaiah Greene[2] (his son) worked at that store and, together with co-workers, was stealing televisions. Greene asked several times if there was a reward for the information he provided. Pantalione deduced Greene's identity by matching the telephone number from which he was calling to the telephone number in Isaiah Greene's employment records. Pantalione contacted the Dover police, and Detective Eric Richardson was assigned to investigate this case.

During his investigation, Richardson met and spoke with Greene several times. Greene told Richardson that two of the stolen televisions were sold to a Dover tattoo parlor, two to a Dover liquor store, and one to a local homeowner. Richardson located two of the stolen televisions at the tattoo parlor, but the parlor's owner could not identify the person who sold him the sets when shown a photo array that included Isaiah Greene but not Hector Greene. The tattoo parlor's owner thought the sellers of the television sets were much older than the people shown in the photographs.

Richardson then visited the liquor store and spoke with the owner, Paresh Patel, who told Richardson that he bought two televisions from a man named Greene. When presented with photo arrays that included both Hector and Isaiah Greene, Patel identified Hector Greene as the man who sold him the televisions. Patel told Richardson that Greene, a regular customer in his store, told him (Patel) that Greene's son worked at Boscov's and sold Greene the television sets.

After that conversation, Richardson considered Greene his prime suspect. On April 21, 2007, Richardson obtained an arrest warrant for Greene. On April 23, 2007, Richardson went to Greene's home and asked him to come speak with him at the police station. Richardson did not inform Greene that he had a warrant for his arrest, nor did he give Greene a *Miranda* warning.

Richardson drove Greene to the police station and Greene sat in the passenger seat. Greene was not handcuffed or otherwise treated like a suspect by Richardson.

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) (holding police officers must inform suspects facing custodial interrogation of certain constitutional rights).

2. To avoid confusion, Hector Greene is referred to as "Greene" and Isaiah Greene is referred to by his full name.

At the police station, Greene spoke at length with Richardson in an upstairs interview room and made several incriminatory statements. Greene said that he thought Richardson already knew that he was present at each sale of the stolen televisions. Greene also told Richardson that he took the televisions from Boscov's. Finally, Greene told Richardson he did not know why the tattoo parlor owner could not identify him, because he was present when the television sets were sold to the parlor owner. After Greene made those incriminatory statements, Richardson informed Greene that he had a warrant for his arrest, and then arrested him.

At trial, Richardson testified about the incriminating statements made by Greene and about the general course of his investigation. Patel testified that Greene contacted him, told Patel that his son worked at Boscov's, and offered to sell Patel two televisions sets. Patel further testified that Greene, along with another man, brought Patel those television sets, which Patel purchased for $1,500. Greene testified that he was not involved in that sale, but merely happened to be present at Patel's store when that sale occurred. Greene also denied admitting any wrongdoing to Richardson.

On December 19, 2007, Greene was convicted of one count each of Receiving Stolen Property[3] (as a lesser included offense of Theft) and Second Degree Conspiracy.[4] In May 2008, Greene's trial counsel filed a motion to withdraw as counsel under Supreme Court Rule 26(c),[5] claiming that there were no arguably appealable issues in this case. Greene filed a response to that motion arguing that there were five appealable issues. The State filed a mo-

tion to affirm Greene's convictions. We found that one of those issues, the admission of Greene's un-Mirandized statements to Richardson, was "an arguable issue precluding summary disposition of Greene's appeal."[6] We granted trial counsel's motion to withdraw, appointed new appellate counsel, and instructed new counsel to file a brief addressing the *Miranda* issue and any other arguable issues that he identified.

### Miranda Violation

■ Greene's first claim is that his incriminating statements, made without a *Miranda* warning, were erroneously admitted into evidence. Greene claims that the State, in its response to his trial counsel's Rule 26(c) motion, conceded that admitting those statements into evidence was error. That error, Greene argues, was prejudicial and requires reversal, because those statements were not cumulative evidence and there was no other overwhelming evidence of Greene's guilt or state of mind.

The State responds that in answering the Rule 26(c) motion, it did not concede that the admission of Greene's incriminating statements violated *Miranda*. The State noted only that Greene's claim had some "initial merit" and that, because Greene was free to leave, Richardson's questioning was non-custodial. Therefore, *Miranda* did not apply. Additionally, the State argues that even assuming Greene's statements were admitted in violation of *Miranda,* that error was harmless because there was sufficient additional evidence to support Greene's convictions.

3. Del.Code Ann. tit. 11, § 851.

4. Del.Code Ann. tit. 11, § 512.

5. Del.Supr. Ct. R. 26(c).

6. *Greene v. State,* 967 A.2d 144, 145, 2008 WL 5179903, at *1 (Del.2008).

Greene's brief assumes that the State conceded a *Miranda* violation. The State denies making that concession. That dispute may be solved by resort to two sources: the State's response to the Rule 26(c) motion filed by Greene's trial counsel and our order granting that motion. The State represented in its response:

> Assuming that Greene's claim stated somewhat differently is that his statements to Richardson on April 23 should have been suppressed because of the absence of *Miranda* warnings, that argument has initial merit. Detective Richardson's brief testimony ... concerning [that] interview of Greene does not indicate that any *Miranda* warnings were given before Greene was interviewed by the police officer that day. Assuming there were no *Miranda* warnings administered before Greene [made his incriminatory statement], the plain error in admitting this incriminatory admission is harmless beyond a reasonable doubt.

We interpret the State's response as an acknowledgement that *Miranda* was violated. Therefore, Greene's claim had *initial merit*, but the error was harmless, so Greene failed to establish that he was entitled to reversal. In its order granting the Rule 26(c) motion, this Court made the same characterization of the State's argument and held that:

> The State concedes that there is no evidence in the record to reflect that Greene was read his *Miranda* rights prior to being questioned by the police.

Thus, the inculpatory statements Greene made to the officer should not have been admitted at trial. Although the State argues that admission of this evidence at trial was harmless error, that issue constitutes an arguable issue precluding summary disposition of Greene's appeal.[7]

Our ruling on the Rule 26(c) motion clearly interpreted the State's arguments as a concession that *Miranda* was violated. If the State did not actually concede that point, the State should have filed a motion for this Court to reconsider its Rule 26(c) order. Because it did not, the State is procedurally barred from retracting its concession. To permit the State to do that would prejudice Greene, who reasonably relied on that concession in preparing his appellate brief.

### *Harmless Error*

■ The next issue is whether the erroneous admission of Greene's un-Mirandized statements was harmless error. The parties dispute the applicable standard of review. Greene claims that we should exercise *de novo* review, because the trial judge's evidentiary ruling resulted in a constitutional violation.[8] The State responds that our review is limited to plain error, because Greene did not move to suppress or contemporaneously object to the admission of Greene's incriminating statements.

■ Generally, we review an evidentiary ruling resulting in an alleged constitutional violation *de novo*.[9] But where, as

---

7. *Greene v. State*, 967 A.2d at 145, 2008 WL 5179903, at *1.

8. Greene acknowledges that he did not preserve an objection below. He argues that he is entitled to appellate review under the "interests of justice" exception to Supreme Court Rule 8. Del.Supr. Ct. R. 8. Although Greene is

entitled to appellate review, he fails to present any reason or legal authority why a waived issue must be reviewed under the same standard that would apply if the issue had been properly preserved.

9. *Flonnory v. State*, 893 A.2d 507, 515 (Del. 2006) (citing *Johnson v. State*, 878 A.2d 422, 427 (Del.2005)).

here, there was no objection made below, we review such a waived claim only for plain error.[10] "To be plain, the alleged error must affect substantial rights, generally meaning that it must have affected the outcome of [the defendant's] trial." [11] The burden of proving plain error rests on the defendant.[12]

Greene claims that there was reversible error for two reasons: first, the incriminating statements were not cumulative evidence and were the only evidence connecting Greene to two of the otherwise uncorroborated thefts and, second, there was no overwhelming evidence of Greene's guilt or state of mind. In support of those arguments, Greene contends that the other evidence at trial—principally Patel's testimony that Greene sold him two televisions—was insufficient to support his conviction. The State responds that the jury could have convicted Greene based on Patel's testimony alone.

Greene argues that Patel's testimony was not "overwhelming evidence" of his guilt of the Receiving Stolen Property charge, because: (1) Patel was a potential co-conspirator of Greene (since he could have also been charged with Receiving Stolen Property); (2) although Patel testified at trial that Greene sold him two televisions in the same transaction, there was some evidence that Patel told Detective Richardson that he bought the televisions on two different days; and (3) Patel could not identify the other person he claimed was with Greene when Patel purchased the televisions. The State does not directly address those arguments. It asserts only that Patel's testimony was sufficient to convict Greene.

Greene's argument rests on a misinterpretation of the governing law. The State was not required to produce "overwhelming evidence" of his guilt, but only evidence sufficient to establish Receiving Stolen Property beyond a reasonable doubt. Patel's testimony, if credited by the jury, would support a rational conclusion that Patel did commit that crime. All of Greene's arguments cast aspersions on the accuracy of Patel's testimony—implying that Patel either had a motive to lie or misstated the facts to the police. Those credibility arguments, if raised at trial, were clearly rejected by the jury's verdict convicting Greene.

The issue presented is straightforward: Was the admissible evidence sufficient for a rational jury to convict Greene of Receiving Stolen Property? Because the State relies on Patel's testimony, standing alone, to support Greene's conviction, we need only consider whether that testimony is sufficient.

Because a rational jury could credit Patel's account over Greene's and because Patel's testimony was sufficient to support Greene's conviction, Greene has failed to establish that the erroneous admission of his incriminating statements affected the outcome of his case. Therefore, the admission of those statements, although erroneous, was harmless beyond a reasonable doubt.[13]

10. *Brown v. State*, 897 A.2d 748, 753 (Del. 2006) (citing Del.Supr. Ct. R. 8).

11. *Id.* (citing *United States v. Olano*, 507 U.S. 725, 732–35, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)).

12. *Id.* (citing *United States v. Olano*, 507 U.S. at 734–35, 113 S.Ct. 1770).

13. *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *United States v. Newton*, 369 F.3d 659, 679 (2d Cir. 2004), *cert. denied*, 543 U.S. 947, 125 S.Ct. 371, 160 L.Ed.2d 262 (2004).

### Conspiracy Evidence Sufficient

■ Greene's other claim is that the State produced insufficient evidence to support his conviction of Conspiracy in the Second Degree. Greene argues that the State failed to present any evidence of an agreement between himself and his alleged co-conspirators. The State responds that the reasonable inferences from the facts presented to the jury support the Conspiracy conviction.

■ The issue presented by these claims is whether there was sufficient evidence to support the jury's finding that Greene entered into an agreement to engage in criminal activity. We review a claim of insufficient evidence to determine "whether *any* rational trier of fact, viewing the evidence in the light most favorable to the State, could find the defendant guilty beyond a reasonable doubt." [14] A person is guilty of Conspiracy in the Second Degree when he, "intending to promote or facilitate a felony ... [a]grees with another person or persons" to engage in conduct constituting a felony. [15] At trial, the State's theory was that Greene was part of a Conspiracy to Commit Theft.

Relying on *White v. State*, [16] Greene argues that there was insufficient evidence to support his Conspiracy conviction because the State failed to present evidence of an agreement between co-conspirators. *White* is legally distinguishable, and the distinction is dispositive. In *White*, we held that the State may not bootstrap a defendant's knowledge of another's criminal activities, without more, into definitive proof of an agreement to participate in those activities. [17] In this case, however, the State presented evidence that Greene did more than merely possess knowledge of the illegal activity. Patel testified that Greene told him that Greene's son worked at Boscov's and that Greene had televisions to sell. Here, as in *White*, the jury was presented with considerable evidence that Greene knew about the illegal activity, *i.e.*, that the televisions were stolen. But, unlike the defendant in *White*, Greene engaged in the affirmative act of selling televisions to Patel at a very low price, indicating that Greene did more than merely possess knowledge of the illegal activity.

The record reflects that Greene's conduct supports reasonable inferences from which the jury could conclude that Greene was collaborating with the thief. Therefore, Greene has failed to carry his burden of showing that no rational jury could find evidence of the disputed element of a Conspiracy charge, *viz*, an agreement to engage in a criminal activity. Accordingly, Greene's argument to the contrary is without merit.

### Conclusion

The judgments of the Superior Court are affirmed.

---

14. *Monroe v. State*, 652 A.2d 560, 563 (Del. 1995) (quoting *Robertson v. State*, 596 A.2d 1345, 1355 (Del.1991)).

15. Del.Code Ann. tit. 11, § 512.

16. *White v. State*, 906 A.2d 82 (Del.2006).

17. *Id.* at 90.