**Jeron BROWN, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

No. 274,2005.

Supreme Court of Delaware.

Submitted: Feb. 22, 2006.

Decided: April 6, 2006.

---

**27.** *Nat'l Archives & Records Admin. v. Favish,* 541 U.S. 157, 168, 124 S.Ct. 1570, 158 L.Ed.2d 319 (2004).

Thomas D. Donovan, Esquire, Schwartz & Schwartz, Dover, Delaware, for appellant.

John Williams, Esquire, Department of Justice, Dover, Delaware, for appellee.

Before STEELE, Chief Justice, HOLLAND and JACOBS, Justices.

HOLLAND, Justice.

The defendant-appellant, Jeron Brown, appeals from his convictions of Burglary in the Second Degree, Theft, two counts of Receiving Stolen Property, and Criminal Mischief. In this appeal, Brown alleges that the Superior Court erred by: first, denying his motion to suppress evidence obtained during a search incident to his arrest because the police did not have probable cause to arrest him; second, denying his request for a mistrial after the State disclosed potentially exculpatory evidence during the trial; and third, failing to

provide, *sua sponte*, a missing evidence jury instruction because a witness was unavailable to testify at trial. We conclude that there was no reversible error. Therefore, the judgments of the Superior Court must be affirmed.

### Facts

On January 20, 2004, the Del–Mar Appliance store and two private residences in Dover, Delaware, were burglarized. After the third burglary, the police reviewed a video surveillance tape from a local 7–11 store that showed an African American male and female attempting to sell items to the store clerk. Anwar Al–Rasul, the third burglary victim, had earlier identified the items on the tape as items that were stolen from his home. Later that day, the police received a tip from Mr. Al–Rasul's wife that an African American man would soon attempt to sell items similar to those stolen from her home at a nearby store, named the Closet.

The police set up surveillance outside the Closet. Jeron Brown approached the store carrying a duffel bag and wearing a jacket similar to the jacket worn by the man whose image was captured in the 7–11 video surveillance tape. Brown was also the same race, height, and build of the man shown in the tape. Brown entered the Closet and left shortly thereafter.

As he exited the store, the police approached Brown and immediately handcuffed him. The officers asked Brown if they could pat him down. They also asked Brown if they could search his jacket and duffel bag. Brown consented to both requests. Mr. Al–Rasul identified the items found by the police in Brown's jacket and duffel bag as his stolen property. The police then obtained a search warrant for Brown's residence, where they searched and seized more stolen property.

### Probable Cause Established

Before trial, Brown moved to suppress the evidence seized from his person and his home. The Superior Court denied Brown's motion and held that the police had probable cause to arrest Brown when they approached him and handcuffed him. In this appeal, Brown argues that the police had no reasonable and articulable suspicion to arrest him at the time he exited the Closet because the tip to the police was anonymous and uncorroborated and Brown did not attempt to sell anything inside the Closet. The State argues that the arrest was proper.

The police handcuffed Brown immediately after approaching him. That action placed Brown in police custody.[1] Consequently, the appropriate inquiry, as correctly determined by the Superior Court, is whether the police had probable cause to arrest Brown at that point in time.[2]

Whether probable cause exists in a given case is a mixed question of fact and law.[3] The trial court's basic factual findings will be upheld on appeal if they are supported by the record and are the product of an orderly and logical deductive process.[4] The trial court's ultimate findings, however, implicate questions of law and, therefore, the standard of appellate review is *de novo*.[5]

---

1. *Terry v. Ohio*, 392 U.S. 1, 19 n. 16, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Quarles v. State*, 696 A.2d 1334, 1337 (Del.1997).

2. Del.Code Ann. tit. 11, § 1904(b)(1) (2001).

3. *Downs v. State*, 570 A.2d 1142, 1144 (Del. 1990).

4. *Lopez v. State*, 861 A.2d 1245, 1248–49 (Del. 2004).

5. *Id.*

The police may, by statute, make a warrantless arrest where "[t]he officer has reasonable ground to believe that the person to be arrested has committed a felony..." [6] This Court has interpreted "reasonable ground to believe" as the legal equivalent of "probable cause." [7] That standard is measured by the totality of the circumstances.[8]

An informant's tip may provide probable cause for a warrantless arrest where the totality of the circumstances, if corroborated, indicates that the information is reliable.[9] In making that determination, a court must consider the reliability of the informant, the details contained in the informant's tip, and the degree to which the tip is corroborated by independent police surveillance and information.[10] Where the informant is a known, law-abiding citizen reporting a crime, the informant is considered presumptively reliable, because the informant has no connection to the criminal world and no reason to fabricate the story.[11]

The evidence of record supports the Superior Court's determination that the police had probable cause to arrest Brown. The police knew the informant's identity. The information provided in the tip was corroborated by independent police observations of Brown approaching the Closet at the time reported in the tip. One of the burglary victims, Mr. Al–Rasul, had identified the items from the 7–11 surveillance tape as those stolen from his home. Brown was wearing a jacket similar to the jacket worn by the man in the 7–11 tape. Brown also was carrying a duffel bag and was of similar build, race and height as the man shown in the tape. These circumstances, when viewed in their totality, establish that probable cause existed to arrest Brown. The Superior Court properly denied Brown's motion to suppress the evidence resulting from the police search incident to Brown's arrest.

### Mistrial Properly Denied

On the morning of the third day of Brown's trial, his defense counsel moved for a mistrial because alleged *Brady* material was not disclosed by the prosecution until the preceding Friday, following two days of Brown's trial. The alleged *Brady* material at issue was a laptop computer stolen during the January 20, 2004 burglary of the Del–Mar Appliance store in Dover. The stolen laptop computer was recovered by the Delaware Probation Department from an individual named Moustapha Bobbo. After a probation officer took the laptop from Bobbo, it was turned over to Detective Virdin of the Dover Police Department. Detective Virdin then returned the computer to its rightful owner, Bruce Nygard.

Brown contends that, because the State did not inform him of information regarding Nygard's recovered laptop computer and because the computer was found in the possession of Bobbo, not Brown, this prevented Brown from introducing witnesses at trial to trace the whereabouts of the computer after it was stolen from the Del–Mar Appliance store. In denying the mistrial motion, the trial judge noted that Brown's contention concerning the laptop

6.  Del.Code Ann. tit. 11, § 1904(b)(1) (2001).

7.  *Thompson v. State*, 539 A.2d 1052, 1055 (Del.1988).

8.  *Id.*

9.  *Tatman v. State*, 494 A.2d 1249, 1251 (Del. 1985) (citing *Illinois v. Gates*, 462 U.S. 213, 233, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)).

10. *Id.*

11. *Bailey v. State*, 440 A.2d 997, 999 (Del. 1982).

computer related to only one of his three pending burglary charges.

The State tried to mitigate any potential prejudice to Brown by the late disclosure of the information regarding the laptop computer. The State was able to locate both Moustapha Bobbo and Antonio Medina, another witness who had some information as to how the laptop computer came to be in the possession of Bobbo. Both Bobbo and Medina appeared at Brown's trial and testified as defense witnesses.

The Superior Court has a variety of remedies available for a discovery violation under Superior Court Criminal Rule 16(d)(2). As this Court has noted, "[I]n determining the question of whether sanctions should be imposed, the trial court should weigh all relevant factors, such as the reason for the State's delay and the extent of prejudice to the defendant."[12] As we pointed out in *Doran*,[13] "Superior Court Criminal Rule 16 sets forth four alternative sanctions: 1) order prompt compliance with the discovery rule; 2) 'grant a continuance;' 3) 'prohibit the party from introducing in evidence material not disclosed;' or 4) such other order the Court 'deems just under the circumstances.' "[14] At trial, the only remedy requested for the prosecution's late discovery disclosure was the ultimate sanction of a mistrial on the third day of trial.

Whether a mistrial should be declared is a matter entrusted to the trial judge's discretion.[15] The trial judge is in the best position to assess the risk of any prejudice resulting from trial events.[16] "A trial judge should grant a mistrial only where there is 'manifest necessity' or the 'ends of public justice would be otherwise defeated.' "[17] The remedy of a mistrial is "mandated only when there are 'no meaningful and practical alternatives' to that remedy."[18]

In this case, the practical alternative to granting a mistrial was to permit Brown to present the testimony of both Moustapha Bobbo and Antonio Medina regarding the stolen laptop computer. Both could testify that Jeron Brown had no ostensible connection with that particular item of stolen property before its seizure by a probation officer and ultimate return to the true owner. In fact, Brown presented testimony to that effect by both of those witnesses.

Brown argues on appeal that, had he known about this information at an earlier date, his trial examinations of Medina and Bobbo would have been different. He fails to explain, however, how their examinations would have been different and how the difference(s), if any, would have mattered. The record reflects that there was no abuse of discretion in the trial judge's refusal to grant Brown's motion for a mistrial.

12. *Snowden v. State,* 677 A.2d 33, 39 (Del. 1996). *See also Doran v. State,* 606 A.2d 743, 745 n. 3 (Del.1992).

13. *Doran v. State,* 606 A.2d at 745.

14. *See also Ray v. State,* 587 A.2d 439, 441 (Del.1991).

15. *See Flowers v. State,* 858 A.2d 328, 332–33 (Del.2004); *Taylor v. State,* 827 A.2d 24, 27 (Del.2003); *Ashley v. State,* 798 A.2d 1019, 1022 (Del.2002); *Steckel v. State,* 711 A.2d 5, 11 (Del.1998).

16. *See Ashley v. State,* 798 A.2d at 1022; *Hope v. State,* 570 A.2d 1185, 1189 (Del.1990); *Bowe v. State,* 514 A.2d 408, 410 (Del.1986).

17. *Steckel v. State,* 711 A.2d at 11 (quoting *Fanning v. Superior Court,* 320 A.2d 343, 345 (Del.1974)). *Accord Bailey v. State,* 521 A.2d 1069, 1075–78 (Del.1987).

18. *Dawson v. State,* 637 A.2d 57, 62 (Del. 1994) (quoting *Bailey v. State,* 521 A.2d at 1077).

## No Plain Error

Finally, Brown contends that the trial judge, *sua sponte*, should have given a missing evidence instruction pursuant to *Deberry v. State*.[19] Brown's request for the *Deberry* missing evidence jury instruction did not involve the physical evidence at issue (the laptop computer), but, rather, related to a missing witness, Laura Johansen, who was not available to testify at Brown's trial. Johansen was the person who gave the stolen laptop computer to Bobbo and presumably could have testified that she purchased the laptop computer from someone other than Brown.

Brown made no request at trial for a *Deberry* missing evidence jury instruction. Therefore, that claim has been waived by Brown and may now be reviewed on appeal only for plain error.[20] To be plain, the alleged error must affect substantial rights, generally meaning that it must have affected the outcome of Brown's trial.[21] In demonstrating that a forfeited error is prejudicial, the burden of persuasion is on Brown.[22]

Brown was found in possession of a digital camera and camera printer taken from the Del–Mar Appliance store when he was arrested by the police. The digital camera and printer that the police discovered in Brown's possession linked him to the stolen property from the Del–Mar appliance burglary. Accordingly, there was an independent evidentiary basis for the jury to conclude that Brown was guilty of receiving that other stolen property.

Brown was not convicted of the Del–Mar Appliance store burglary. He was convicted only of receiving stolen property resulting from that burglary, property that included the digital camera and the printer.[23] Consequently, Brown cannot demonstrate plain error, because even if Johansen had appeared at trial and testified that she purchased the stolen laptop computer from someone other than Brown, the ultimate result at trial would have been the same.

## Conclusion

The judgments of the Superior Court are affirmed.

**19.** *Deberry v. State*, 457 A.2d 744, 750–53 (Del.1983).

**20.** Supr. Ct. R. 8; *Capano v. State*, 781 A.2d 556, 652–53 (Del.2001).

**21.** *See United States v. Olano*, 507 U.S. 725, 732–34, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *Wainwright v. State*, 504 A.2d 1096, 1100 (Del.1986), *cert. denied*, 479 U.S. 869, 107 S.Ct. 236, 93 L.Ed.2d 161 (1986) ("Under the plain error standard of review, the error complained of must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process."); *Floray v. State*, 720 A.2d 1132, 1137 (Del.1998).

**22.** *United States v. Olano*, 507 U.S. at 734, 113 S.Ct. 1770 (federal plain error rule). *See also Brown v. State*, 729 A.2d 259, 265 (Del. 1999); *Stevenson v. State*, 709 A.2d 619, 633 (Del.1998).

**23.** *See* Del.Code Ann. tit. 11, § 856(b) (2001).