**Dallas DRUMMOND, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

**No. 247, 2011.**

Supreme Court of Delaware.

Submitted: July 11, 2012.

Decided: Sept. 6, 2012.

Adam D. Windett, Donovan Hopkins & Windett, LLC, Dover, Delaware for appellant.

John Williams, Department of Justice, Dover, Delaware for appellee.

Before STEELE, Chief Justice, BERGER and RIDGELY, Justices.

STEELE, Chief Justice:

After a first trial, at which a jury convicted the defendant of three crimes, this Court remanded for a new trial because the Superior Court judge failed to thoroughly inform the defendant about the significance of his decision to waive counsel. During retrial, the trial judge allowed the State to present a record of the testimony given at the first trial. Later, a prosecution witness referenced the defendant's criminal history while responding to a question on cross examination. After being convicted again, the defendant appeals, claiming that both the incidents described above warrant a new trial. Finding no merit to either argument, we affirm.

## FACTS

Dallas Drummond was married to Kia Peterson, who lived with the couple's children in an apartment complex. Drummond could not live with Peterson, for two reasons. First, the apartment complex's rules banned convicted felons from living on the property, and Drummond was one. Second, management placed Drummond on a list of people banned from even visiting the property. Consequently, if Drummond entered Peterson's apartment, or even the apartment grounds, he would be trespassing.

On January 19, 2010, Peterson's neighbor Brandi George saw Drummond in the apartment complex. When Peterson returned from work later that day, Peterson

discovered that her computer was missing. She called the Smyrna Police Department to report the missing computer.

Drummond eventually admitted to Peterson that he had stolen her computer, and that he could retrieve it for her, although someone else had it. George overheard this confession. James Westley had purchased a computer from Drummond to give to his grandson. Peterson gave Westley's name to the police, and Westley voluntarily returned the computer to the police when they asked for it.

On January 26, 2010, Detective Brandon Dunning spoke to Drummond. During the conversation, Drummond admitted that he took Peterson's computer, and said that he knew he was not allowed on the grounds of the apartment complex.

The State charged Drummond with burglary second degree, theft, theft by false pretenses, and criminal trespass third degree. In the first trial, after the State presented its case, and against the advice of his attorney, Drummond chose to testify. The trial judge told Drummond his testimony would be limited to answering questions asked by his attorney and the prosecutor. The judge clarified for Drummond that he could not, as he desired, "speak and let the Courts know what the truth is and what [he] fe[lt] about [him]self and what [he has] been through and what [he has] done wrong in society." Drummond responded:

> Okay. Basically, I just wanted to ask is that it's my life that's on the line here, and I don't feel as though that it's, like, properly correct to not let me speak to the Courts and to the jurors, so I would really like to fire counsel at this moment.

After initially denying Drummond's request, the trial judge ultimately granted it. Drummond then testified in narrative form, and gave a closing argument. The jury found him guilty on all charges, and the judge sentenced Drummond to life imprisonment because the burglary conviction rendered him a habitual offender.

This Court reversed the conviction, finding that the trial judge should have engaged in a more thorough process before permitting Drummond to proceed *pro se*.[1] The first trial therefore violated Drummond's Sixth Amendment right to counsel, so the Court ordered a new trial.

Before Drummond's second trial, concerning the same charges, Drummond filed a motion to exclude his prior trial testimony. The trial judge denied the motion, finding that under *Harrison v. United States*,[2] Drummond did not offer the testimony for the purpose of rebutting unconstitutionally admitted evidence.

Also during Drummond's second trial, Peterson testified, and several portions of her testimony led to issues on appeal, although defense counsel failed to object to them during trial. First, the State asked Peterson why she asked the apartment's managers to place Drummond's name on the banned list. She responded, "We kept having several issues into where I had to call the police and pretty much, they could not help me because he would vanish before they got there. So they suggested to me that the only thing that I can do was to put him on this list." Second, the State asked Peterson if Drummond knew about problems she had locking her window. She responded, "[Y]es, he was aware because he had been in my home when he wasn't supposed to be several times...." Third, Peterson testified about a previous

---

1. *Drummond v. State*, 15 A.3d 216, 2011 WL 761522, at *1 (Del. Mar. 3, 2011).

2. *Harrison v. United States*, 392 U.S. 219, 88 S.Ct. 2008, 20 L.Ed.2d 1047 (1968).

occasion on which she found 20 dollars missing, Drummond denied taking it, and then later admitted he had taken the money from her. Drummond's counsel did not object to any of these statements.

In response to two other statements Peterson made while testifying, Drummond's counsel moved for a mistrial. First, Peterson stated during direct examination that she went to management regarding Drummond "because he was stealing several items from me and my neighbor." Second, in response to a question on cross-examination regarding when Drummond had the car, Peterson stated "August—August, he got out of jail." The trial judge denied both motions for a mistrial, although he did instruct the jury to disregard the statement that in August Drummond had emerged from jail.

At the conclusion of Drummond's second trial, the jury acquitted him of burglary second degree, but convicted him of the remaining charges. This appeal followed.

## STANDARD OF REVIEW

■■■ This Court reviews a trial judge's decision to deny a defendant's motion for mistrial to determine whether the trial judge abused his discretion.[3] Where defense counsel failed to object, we will only require a new trial if the failure to order a new trial constituted plain error.[4] We review *de novo* Drummond's claim that the

use of his testimony from the first trial violated his constitutional rights.[5]

## DISCUSSION

### A. The Admission of Drummond's Testimony from the First Trial was, at Worst, Harmless Error

■■■ The United States Supreme Court sorts violations of the right to counsel into two groups. The most serious violations, those that led to "structural defects in the constitution of the trial mechanism itself," can never be subject to harmless error analysis.[6] In contrast, "An appellate court may quantitatively assess 'trial errors' in the admission of evidence ... against the other evidence in the case to determine whether the admission of a confession was harmless beyond a reasonable doubt."[7]

■■■ The admission of Drummond's testimony counts, at most, as a "trial error." The testimony from the first trial was but one piece of evidence, and as such did not affect the trial mechanism. More broadly, evidence admitted in violation of a defendant's right counts as a "trial error," not a structural error. In *Deputy*, this Court examined the admission of a confession obtained in violation of the defendant's right to counsel, and the Court found the error harmless.[8]

---

3. *Michaels v. State,* 970 A.2d 223, 229 (Del. 2009); *Allen v. State,* 970 A.2d 203, 215 (Del. 2009).

4. Supr. Ct. R. 8.

5. *Swan v. State,* 28 A.3d 362, 382 (Del.2011).

6. *Deputy v. State,* 602 A.2d 1081, 1991 WL 181463, at *1 (Del. Sept. 3, 1991) (citing *Arizona v. Fulminante,* 499 U.S. 279, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991)). *See also Reid v. U.S.,* 2012 WL 2541904, at *11 (D.Del. Jun. 27, 2012) (discussing the distinction be-

tween structural errors and errors in the trial process).

7. *Id.*

8. *Deputy v. State,* 500 A.2d 581, 592 (Del. 1985) ("We, therefore, rule that the second taped confession of defendant was improperly admitted in violation of defendant's Sixth Amendment right to counsel. However, our decision in this matter does not mandate complete reversal under the facts of this case. Despite the fact that the defendant's second confession was erroneously admitted into evi-

■ The admission of Drummond's earlier testimony, if an error at all, plainly constituted harmless error. Drummond faced a mountain of convincing evidence. First, he confessed to Peterson that he took the computer, and George overheard the confession. Second, Whitely testified he bought the computer from Drummond. Third, Drummond admitted his crimes to the police detective.

Some language in *Cooke v. State* suggests that this Court will never use harmless error analysis for violations of the right to counsel. In *Cooke*, the Court said that "The assistance of counsel is among those constitutional rights so basic to a fair trial that their denial can never be treated as harmless error." [9] Despite this broad language, *Cooke* presented a much different factual setting. In *Cooke*, the Court considered a trial that included defense counsel who "failed to function in any meaningful sense as the [prosecution's] adversary." [10] That failing had broad effects and justified a new trial, just as we granted to Drummond on his first appeal to this Court. On appeal from the second criminal trial he faced, Drummond presents an error premised on the admission of evidence, not the denial of counsel. Errors concerning the admission of evidence, like the admission of this testimony, qualify for harmless error review.

## B. The Trial Judge did not Err by Refusing to Grant a Mistrial

On appeal, Drummond argues that two groups of statements should have triggered a mistrial. First, he argues the trial judge committed clear error by failing to grant a mistrial *sua sponte* in response to some statements made by Peterson, namely those listed above as having triggered no objection or motion from Drummond's counsel. Second, Drummond argues that the trial judge abused his discretion by denying the motions for a mistrial. We find no merit to either suggestion.

■ To constitute clear error, "the alleged error must affect substantial rights, generally meaning that it must have affected the outcome of [the] trial." [11] The defendant bears the burden of persuasion to demonstrate prejudice. [12]

■ Drummond has not carried his burden to demonstrate that any of the statements to which his attorney did not object affected the outcome of the trial. Three persons, one a police officer, testified that they heard Drummond confess to stealing the computer. Another person testified that he purchased the computer from Drummond. Nevertheless, the jury found Drummond not guilty on the felony burglary charge. In light of the other overwhelming evidence, Drummond has failed to prove that any of these statements mattered enough to constitute prejudice.

■ Moreover, the trial judge did not abuse his discretion by denying a motion for a mistrial in response to the statements

---

dence, we conclude that the error was harmless beyond a reasonable doubt as to the felony murder convictions.").

9. *Cooke v. State*, 977 A.2d 803, 850 (Del.2009) (quoting *State v. Carter*, 270 Kan. 426, 14 P.3d 1138, 1148 (2000)).

10. *Id.* at 850 (quoting *United States v. Cronic*, 466 U.S. 648, 666, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984)).

11. *McNally v. State*, 980 A.2d 364, 367 (Del. 2009); *Castura v. State*, 977 A.2d 898, 2009 WL 2365558, at *3 (Del. Jul. 16, 2009); *Brown v. State*, 897 A.2d 748, 753 (Del.2006).

12. *Id.*

to which Drummond's counsel objected. The parties brief these extra comments as if they were an outburst, as occurred in *Taylor v. State*.[13] But *Taylor* focused on the effect of a dramatic outburst, during which a witness had an emotional breakdown while testifying, and was unable to continue.[14] This case, in contrast, concerns extra information supplied by a witness in response to questions asked by attorneys.

When deciding whether a witness that gives an answer that goes beyond what was asked and provides prejudicial information requires a mistrial, a trial judge should consider four factors: "the nature and frequency of the conduct or comments, the likelihood of resulting prejudice, the closeness of the case and the sufficiency of the trial judge's efforts to mitigate any prejudice in determining whether a witness's conduct was so prejudicial as to warrant a mistrial."[15] This Court grants deference to a trial judge: "A trial judge sits in the best position to determine the prejudicial effect of an unsolicited response by a witness on the jury."[16]

It would be fair to say that Peterson made multiple statements indicating that she had trouble with Drummond and that he had trouble with the law. The jury could surmise as much from the necessary evidence. Drummond, after all, was barred from living with his own wife and children, hardly a normal circumstance. And Drummond's wife served as the complaining witness in a case about the theft of a computer. These comments, then, had a negligible chance of causing prejudice and, as discussed above, the case was not close. Moreover, on one of the occasions the judge instructed the jury to focus on only that portion of Peterson's testimony that directly responded to the question. Given the significance of these statements in light of the weight of the evidence against Drummond, the trial judge did not abuse his discretion by refusing to grant a mistrial.

## CONCLUSION

For the foregoing reasons, we affirm the Superior Court's judgments.

---

**13.** 690 A.2d 933 (Del.1997).

**14.** *Id.* at 934.

**15.** *Pena v. State*, 856 A.2d 548, 550 (Del. 2004); *see also Dickens v. State*, 2 A.3d 73, 2010 WL 2889501, at *4 (Del. Jul. 23, 2010).

