IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DAVID CROSBY-AVANT, | § | |
| | § | No. 511, 2017 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. N1603012462 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: April 16, 2018
Decided: May 29, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **O R D E R**

This 29th day of May 2018, upon consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, and the record below, it appears to the Court that:

(1) On February 22, 2017, a Superior Court jury found the appellant, David Crosby-Avant, guilty of Assault in the Third Degree, as a lesser included offense of Assault in the Second Degree, Possession of a Firearm by a Person Prohibited ("PFBPP"), and Possession of Ammunition by a Person Prohibited ("PABPP"). The jury found Crosby-Avant not guilty of Possession of a Firearm During the Commission of a Felony ("PFDCF"). The Superior Court sentenced Crosby-Avant as follows: (i) for PFBPP, ten years of Level V incarceration, suspended after five

years for decreasing levels of supervision; (ii) for PABPP, five years of Level V incarceration suspended for one year of Level III probation; and (iii) for Assault in the Third Degree, one year of Level V incarceration suspended for one year of Level II probation. This is Crosby-Avant's direct appeal.

(2)     At trial, Detective William Ball of the Wilmington Police Department testified that, on March 15, 2016, he responded to a report regarding a man who walked into Wilmington Hospital with a gunshot wound to his foot. Detective Ball spoke to the gunshot victim, who was Crosby-Avant's father. Photographs of the victim and the injury to his foot, a projectile recovered from the victim's foot, the victim's bloody sock, and the victim's medical records were admitted into evidence. The victim did not appear at trial because he was in assisted living and unable to communicate.

(3)     On March 16, 2016, Crosby-Avant went to see Detective Ball. Detective Ball interviewed Crosby-Avant. A video recording of the interview was played at trial. In the interview, Crosby-Avant said he found a gun on the street near a bus stop. He thought it was probably fake, but was also concerned about the presence of children nearby. He took the gun home with him, even though he was prohibited from possessing a gun, and gave the gun to his father. Shortly thereafter when the father and Crosby-Avant were exchanging the gun, it discharged into the

2

father's foot. Crosby-Avant ran to Brandywine Park and disposed of the gun in a porta-potty.

(4)     The police looked for the gun, but were unable to find it. Detective Ball testified that the police did not test Crosby-Avant for gunshot residue at his interview because the shooting had occurred the previous day and any residue was likely to have been washed away. The parties stipulated that Crosby-Avant was a person prohibited from possessing a gun or ammunition.

(5)     At the conclusion of the State's case, Crosby-Avant's counsel moved for judgment of acquittal on the Assault in the Second Degree and PFDCF charges and asked for a jury instruction for the lesser included offense of Assault in the Third Degree. The State opposed the motion for judgment of acquittal. The Superior Court denied the motion for judgment of acquittal, but agreed to give a jury instruction for Assault in the Third Degree.

(6)     During deliberations, the jury asked for clarification regarding whether Assault in the Third Degree was a felony for purposes of the PFDCF charge. The Superior Court, with the parties' agreement, informed the jury that if they found Crosby-Avant not guilty of Assault in the Second Degree then there was no felony for the PFDCF charge. The jury found Crosby-Avant guilty of Assault in the Third Degree, as a lesser included offense of Assault in the Second Degree, PFBPP, and PABPP and not guilty of PFDCF.

3

(7)     On appeal, Crosby-Avant's counsel ("Counsel") filed a brief and a motion to withdraw under Supreme Court Rule 26(c).  Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues.  Counsel informed Crosby-Avant of the provisions of Rule 26(c) and provided Crosby-Avant with a copy of the motion to withdraw and the accompanying brief.

(8)     Counsel also informed Crosby-Avant of his right to identify any points he wished this Court to consider on appeal.  Crosby-Avant has several points for this Court's consideration.  The State has responded to the Rule 26(c) brief and has moved to affirm the Superior Court's judgment.

(9)     When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

(10)    Crosby-Avant raises the following issues on appeal: (i) the Superior Court should have declared a mistrial instead of giving a curative instruction after Detective Ball testified about Crosby-Avant's criminal record; (ii) his due process

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

rights were violated because he was unable to review his recorded statement before trial; (iii) Detective Ball did not follow proper protocol and coerced his statement; (iv) the prosecutor's prejudicial statements throughout trial constituted prosecutorial misconduct; (v) there was insufficient evidence to support his convictions; and (vi) he was deprived of a fair a trial as a result of these errors.

(11) Detective Ball referred to Crosby-Avant's criminal record after the prosecutor asked him if, without going into the specific reason, he had verified whether Crosby-Avant was a person prohibited from possessing a gun or ammunition. Detective Ball stated that he did, and that Crosby-Avant had a Possession with Intent to Deliver Charge in 2010. The Superior Court judge immediately called the attorneys to a sidebar conference, expressed displeasure with Detective Ball's statement, and indicated that she would give a curative instruction. Counsel asked for a chance to speak with Crosby-Avant who had not yet decided whether he wished to testify, because if he did testify then his previous conviction would come in under Delaware Rule of Evidence 609.

(12) After speaking with Crosby-Avant, Counsel informed the Superior Court:

> I have spoken with my client and it seems he hasn't fully made the decision yet. It seems that he's going to testify, so this will come in later on, and he just wants a curative instruction issued at this point and

5

no mistrial….And that's also my decision as well, based off my consultation with him and talking with him.[2]

The Superior Court instructed the jury to disregard the second portion of Detective Ball's statement and to let it play no role in their deliberations. Crosby-Avant now argues that the Superior Court should have declared a mistrial instead of giving a curative instruction. By asking the Superior Court for a curative instruction and no mistrial, Crosby-Avant waived this claim on appeal.[3]

(13) As to Crosby-Avant's claim that his due process rights were violated because he was unable to view his recorded statement before trial, the record reflects that the State provided Crosby-Avant's recorded statement to Counsel in June 2016, almost eight months before trial. To the extent Crosby-Avant is claiming Counsel provided ineffective assistance by failing to show him the recorded statement before trial, we will not review such a claim for the first time on direct appeal.[4]

(14) Crosby-Avant next claims that Detective Ball failed to follow proper protocol and obtained his statement by coercion. Crosby-Avant did not raise this claim below so we review for plain error.[5] "Under the plain error standard of review, the error complained of must be so clearly prejudicial to substantial rights as to

---

[2] Appendix to Appellant's Non-Merit Brief at A21.

[3] *See, e.g.*, *Grimes v. State*, 2004 WL 1965036, at *3 (Del. Aug. 20, 2004) (holding the appellant waived claim that the Superior Court abused its discretion by not declaring a mistrial where the appellant had told the Superior Court that he did not want a mistrial but preferred a curative instruction).

[4] *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994).

[5] Supr. Ct. R. 8; *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).

jeopardize the fairness and integrity of the trial process."[6] The burden of persuasion is on the defendant to show prejudice.[7]

(15) Crosby-Avant does not explain how Detective Ball failed to follow proper protocol or coerced his statement. At trial, Detective Ball testified that he advised Crosby-Avant of his *Miranda* rights before interviewing him. The video recording of Crosby-Avant's statement is consistent with this testimony. There is no plain error.

(16) Crosby-Avant next argues that the prosecutor's prejudicial statements throughout trial constituted prosecutorial misconduct. He fails, however, to identify any of the allegedly improper statements. This claim is without merit.

(17) Crosby-Avant also argues that there was insufficient evidence to support his convictions. In support of this claim, he emphasizes the absence of gunshot residue, a shooting scene, and victim testimony. Crosby-Avant did not move for a judgment of acquittal on the charges for which he was convicted,[8] so we review this claim for plain error.[9]

(18) A conviction for PFBPP requires proof that a defendant was a prohibited person and knowingly possessed a firearm.[10] Similarly, a conviction for

---

[6] *Wainwright*, 504 A.2d at 1100.
[7] *Brown v. State*, 897 A.2d 748, 753 (Del. 2006).
[8] As described above, Crosby-Avant moved for a judgment of acquittal on the Assault in the Second Degree and PFDCF charges. *See supra* ¶ 5.
[9] Supr. Ct. R. 8; *Swan v. State*, 820 A.2d 342, 358 (Del. 2003).
[10] 11 *Del. C.* § 1448(b).

7

PABPP requires proof that a defendant was a prohibited person and knowingly possessed firearm ammunition.[11] A conviction for Assault in the Third Degree requires proof that a defendant "[w]ith criminal negligence…causes physical injury to another person by means of a deadly weapon or a dangerous instrument."[12]

(19) The evidence at trial included the victim's medical records, a projectile recovered from the victim's foot, photographs of the victim's injury, the parties' stipulation that Crosby-Avant was a person prohibited from possessing a gun or ammunition, and Crosby-Avant's statement to the police that he picked up the gun, took it home, was exchanging it with his father when it discharged, and threw the gun away in Brandywine Park. Viewing the evidence—which contrary to Crosby-Avant's contention included more than his statement to the police—in the light most favorable to the State, a rational jury could have found Crosby-Avant guilty beyond a reasonable doubt of PFBPP, PABPP, and Assault in the Third Degree. Crosby-Avant has not shown plain error.

(20) Finally, Crosby-Avant contends that the cumulative impact of the aforementioned claims of error deprived him of a fair trial. Because the Court has determined that each of the claims of error is without merit, a cumulative error analysis is not warranted. This Court has reviewed the record carefully and has

---

[11] *Id.*

[12] 11 *Del. C.* § 611(2).

concluded that Crosby-Avant's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Counsel has made a conscientious effort to examine the record and the law and has properly determined that Crosby-Avant could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice