IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MATEO PINKSTON, | § | |
| | § | No. 541, 2017 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1701018345 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: May 25, 2018
Decided: July 19, 2018

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## ORDER

This 19th day of July 2018, upon consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, and the record below, it appears to the Court that:

(1)    On May 17, 2017, a Superior Court jury found the appellant, Mateo Pinkston, guilty of Robbery in the First Degree, two counts of Possession of a Deadly Weapon During the Commission of a Felony ("PDWCF"), Burglary in the Second Degree, and Resisting Arrest. After granting the State's motion to declare Pinkston a habitual offender under 11 *Del. C.* § 4214(a), the Superior Court sentenced Pinkston as follows: (i) for Robbery in the First Degree, twenty-five years of Level V incarceration; (ii) for each count of PDWCF, twenty-five years of Level V

incarceration; (iii) for Burglary in the Second Degree, eight years of Level V incarceration; and (iv) for Resisting Arrest, six months of Level V incarceration suspended for one year of Level II probation. This is Pinkston's direct appeal.

(2) The following evidence was presented at trial. On January 29, 2017, Corporal Steven Bender of the Wilmington Police Department responded to a dispatch regarding a robbery at 704 North Tatnall. Corporal Bender spoke to a woman there who reported that a man followed her into her apartment building after she returned from a store on 7th and Washington, attacked her in the hallway, threatened her with a knife with a corkscrew on one end, and robbed her. She described the man as light-skinned with facial hair, red sneakers, and a camouflage jacket. After the man robbed her, the woman argued with him and took his cell phone.

(3) Based on his familiarity with people in the area and the description of the red sneakers and camouflage jacket, Sergeant Bender believed the man was Pinkston. The woman, who had seen the man around the store before, identified Pinkston in a photographic line-up. Video footage from the store showed the woman entering and leaving the store on 7th and Washington. The footage also showed Pinkston heading in the same direction as the woman when she left the store.

(4) Later in the day on January 29, 2017, Corporal Donald Cramer of the Wilmington Police Department was looking for Pinkston to execute an arrest

warrant. He found Pinkston outside the store on 7th and Washington. Corporal Cramer pulled up to the store in his marked police car and called out to Pinkston. When Pinkston began to walk away, Corporal Cramer ordered him to stop. Pinkston fled. Corporal Cramer chased Pinkston and deployed his Taser to stop him.

(5) At the time of his arrest, Pinkston had a corkscrew wine opener with a knife on one end. He was wearing black and blue, not red, sneakers. Pinkston had a cell phone charger that would have worked with the cell phone taken by the robbery victim. An analysis of the SIM card in the cell phone showed contact information for another person with the last name Pinkston. The jury found Pinkston guilty of Robbery in the First Degree, two counts of PDWDCF, Burglary in the Second Degree, and Resisting Arrest. This appeal followed.

(6) On appeal, Pinkston's counsel ("Counsel") filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Counsel informed Pinkston of the provisions of Rule 26(c) and provided Pinkston with a copy of the motion to withdraw and the accompanying brief.

(7) Counsel also informed Pinkston of his right to identify any points he wished this Court to consider on appeal. Pinkston asked Counsel to raise one issue for this Court's consideration. The State has responded to the Rule 26(c) brief and has moved to affirm the Superior Court's judgment.

(8) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

(9) Pinkston argues that the State rushed him to trial and he did not have time to prepare an adequate defense. Pinkston did not raise this claim below so we review for plain error.[2] "Under the plain error standard of review, the error complained of must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process."[3] The burden of persuasion is on the defendant to show prejudice.[4]

(10) Pinkston was indicted on February 6, 2017. His case was specially assigned on February 14, 2017, his first case review was held on March 27, 2017, his final case review was held on May 1, 2017, and his trial started on May 16, 2017. These dates are consistent with the Superior Court's case management plan for criminal cases in New Castle County.[5] Counsel did not request a continuance or

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).
[2] Supr. Ct. R. 8; *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).
[3] *Wainwright*, 504 A.2d at 1100.
[4] *Brown v. State*, 897 A.2d 748, 753 (Del. 2006).
[5] Superior Court New Castle County Criminal Case Management Plan at 4-8.

additional time to prepare for trial.  Pinkston also fails to explain why he needed additional time to prepare for trial.  There is no plain error here.

(11)  This Court has reviewed the record carefully and has concluded that Pinkston's appeal is wholly without merit and devoid of any arguably appealable issue.  We also are satisfied that Counsel has made a conscientious effort to examine the record and the law and has properly determined that Pinkston could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:


*/s/ Collins J. Seitz, Jr.*
Justice

5