IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| OMERE ALEXANDER, | § | |
| | § | No. 1, 2018 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID N1705021718 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: June 4, 2018
Decided: August 13, 2018

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## **ORDER**

Upon consideration of the appellant's brief filed under Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response, it appears to the Court that:

(1) Following a bench trial in October 2017, the Superior Court convicted the appellant Omere Alexander of one count each of Possession of a Firearm by a Person Prohibited ("PFPP"), Possession of Ammunition by a Person Prohibited ("PAPP"), Possession of a Deadly Weapon and Drugs, and Resisting Arrest but acquitted him of Carrying a Concealed Deadly Weapon ("CCDW"). The Superior Court sentenced Alexander to a total period of fourteen years at Level V

incarceration, to be suspended after serving five years in prison for eighteen months at Level III probation. This is Alexander's direct appeal.

(2) Alexander's counsel on appeal has filed a brief and a motion to withdraw under Rule 26(c). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. By letter, Alexander's attorney informed him of the provisions of Rule 26(c) and provided Alexander with a copy of the motion to withdraw and the accompanying brief. Alexander also was informed of his right to supplement his attorney's presentation. Alexander responded with a document containing thirteen numbered paragraphs but raising only two distinct legal issues. First, he contends that the police lacked reasonable and articulable suspicion to stop him. Second, he asserts that the evidence was insufficient to sustain his convictions because the State presented no DNA or fingerprint evidence. The State has responded to the position taken by Alexander's counsel, as well as to the points raised by Alexander, and has moved to affirm the Superior Court's judgment.

(3) The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) this Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (b) this Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at

2

least arguably appealable issues that it can be decided without an adversary presentation.[1]

(4)     The record at trial fairly established that, on the morning of May 31, 2017, Wilmington police officers were patrolling in the area of Fifth and Monroe Streets. The officers were aware that Alexander was wanted on two active capiases, and they had a description of him and what he was wearing. They saw him standing on a corner with other individuals. One of the officers exited the patrol vehicle and asked if he could speak to Alexander. The officer testified that Alexander placed his hand on the front of his jacket and turned his body away from the officer, in a manner consistent with someone trying to conceal a firearm. Alexander then fled on foot. The officer apprehended Alexander after he fell on North Madison Street. In conducting a search incident to arrest, the officer seized a loaded handgun from Alexander's jacket pocket. The officer also recovered a clear plastic bag, which later tested positive as marijuana. Alexander stipulated that he was a person prohibited from possessing a firearm due to a 2013 felony drug conviction. Alexander did not testify at trial. Defense counsel made a motion for a judgment of acquittal after the State rested, which the Superior Court denied.

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

(5)     Alexander's first issue on appeal is that the police officers violated his constitutional rights because they lacked reasonable and articulable suspicion to stop him.  As a result, according to Alexander, the evidence seized incident to the search of his person should have been suppressed.  Alexander did not file a motion to suppress in the Superior Court.  Accordingly, we review this claim for plain error only.[2]

(6)     Plain error exists when the error complained of is apparent on the face of the record and is so prejudicial to a defendant's substantial rights as to jeopardize the integrity and fairness of the trial.[3]  The burden of persuasion is on the defendant to show prejudice.[4]  In this case, Alexander does not dispute that he had two active capiases against him, nor does he challenge the validity of those warrants.  The officers testified that they knew Alexander was wanted, and they had a description of Alexander and were able to identify him from that description.  Under the circumstances, Alexander's status as a wanted individual, along with the description, gave the police reasonable suspicion to stop the person they believed to be Alexander.  We find no merit to his first claim on appeal.

---

[2] Del. Supr. Ct. R. 8.
[3] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).
[4] *Brown v. State*, 897 A.2d 748, 753 (Del. 2006).

(7) Alexander's remaining issue is a challenge to the sufficiency of the evidence. He seems to assert that the Superior Court acquitted him of CCDW because the State offered no DNA or fingerprint evidence, which should have led to his acquittal on the weapon-related charges. Alexander is factually incorrect, however. The trial transcript reflects that the Superior Court acquitted Alexander on the CCDW charge because the State failed to prove that Alexander did not have a license to carry a concealed deadly weapon. The Superior Court expressly found sufficient evidence that Alexander possessed a loaded gun while in possession of marijuana and that he was a person prohibited from possessing a gun. After reviewing the evidence in the light most favorable to the prosecution, we conclude that a rational trier of fact could have found the essential elements of the other crimes beyond a reasonable doubt.[5] Thus, we find no merit to Alexander's second argument on appeal.

(8) The Court has reviewed the record carefully and has concluded that Alexander's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Alexander's counsel has made a conscientious effort to examine the record and has properly determined that Alexander could not raise a meritorious claim in this appeal.

---

[5] *Williams v. State*, 539 A.2d 164, 168 (Del. 1988) (*quoting Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice