**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE,     )
     )
     Plaintiff,     )
     )
     v.     )     No. 1809008627
     )
HANIF WASHINGTON,     )
     )
     Defendant.     )
     )

Date Submitted: May 17, 2019
Date Decided: July 12, 2019

Upon Consideration of Defendant
Hanif Washington's Motion to Suppress
**DENIED.**

Zachary Rosen, Esquire, Deputy Attorney General, Wilmington, Delaware, Attorney for State.

James O. Turner, Jr., Esquire, Assistant Public Defender, Wilmington, Delaware, Attorney for Defendant.

**SCOTT, J.**

Before the Court is a Defendant Hanif Washington's Motion to Suppress. Defendant argues that the evidence seized as a result of his arrest September 15, 2018, was seized illegally and is in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution; Article I, Section 6 of the Constitution of the State of Delaware; and under Delaware law. A suppression hearing was held before this Court on May 17, 2019. The Court is now prepared to render its decision.

## Findings of Fact

In September 2018, Officer Gruber of the New Castle County Police Department received information that a male by the name of Hanif Washington was selling heroin in the area of Kirkwood Highway. The informant additionally provided a phone number which, through computer inquiries, was determined to be associated with Defendant on multiple occasions. Upon further inquiry, Officer Gruber discovered that Defendant had a capias from the Rehoboth Alderman's Court for failure to appear and a suspended license.

On September 15, 2018, Officer Gruber engaged in a text message conversation with the aforementioned phone number to arrange a drug transaction. In that conversation, Officer Gruber texted "can I get 6," immediately followed up with "6 B's," to which the recipient replied "when n where." Officer Gruber testified that he has learned from his training and experience that a "B" is shorthand for a

2

bundle, which signifies 13 bags of heroin bound together with a rubber band – a common method of transporting, storing, and selling heroin. The parties arranged to meet at a Royal Farms located on Kirkwood Highway and Defendant informed Officer Gruber that the six bundles of heroin would cost $100.

Upon establishing surveillance at the location, officers observed a white Chrysler enter the parking lot. Around the same time, Defendant texted Officer Gruber that he was in a white car. Officers established that the white Chrysler was registered to an individual who Officer Gruber had previously confirmed was the mother of Defendant's children. Defendant was then taken into custody. Officers did not recover any drugs in Defendant's possession.

In the affidavit of probable cause, dated September 16, 2018, Officer Gruber also avers the following:

> [W]hen taking Hanif into custody, he stated "what are you all looking for dope?" and started laughing, then stated "I'm smarter than you all." I observed a red cell phone iPhone 7 in the vehicle, which when I called Hanif's number . . . it rang. Further, when I responded to the back of the car to speak with Hanif he made a whole unsolicited statement advising that he knew why we were out here. He further made an unsolicited statement saying that he was just going to drive her (the female he thought he was selling to) into the city to meet up with one of his friends so they could pick up the heroin and he could sell it to her. . . . Hanif was provided Miranda warnings which he waived. He again stated he was just going to pick up the individual that he was at the Royal Farms to meet, and was going to drive them to the intersection of Sycamore and Van Buren to pick up the six bundles to then sell.

3

Hanif provided me consent to search his phone and signed a consent waiver for the same. I observed text messages from my phone to his, and he confirmed that he was the one texting to set up the deal.

## Parties' Contentions

Defendant argues that there was insufficient probable cause for his warrantless arrest. Specifically, Defendant argues that: (1) the confidential informant was not past proven reliable; (2) the police officers did not conduct independent surveillance to corroborate the information provided by the informant. Defendant contends that it does not appear that the police did any surveillance but instead "simply sent text messages to the supposed phone belonging to [Defendant]."[1] For these reasons, Defendant argues, his arrest was illegal and all evidence obtained as the result of the arrest should be suppressed.

The State argues that, in view of the totality of the circumstances, there is clear probable cause in this case that Defendant was attempting to engage in drug dealing. The State contends that the police set up an actual drug deal with Defendant with a specified time and location, which Defendant subsequently arrived to at the designated time in the vehicle described in the texts.[2] Alternatively, the State argues

---

[1] Def.'s Mot. at 5 ("It is unclear, for example, that it was ever confirmed during the text message conversation, that it was Mr. Washington on the other end of the text conversations.").

[2] *Id.* at 4.

4

that even if there was no probable cause, Defendant's arrest was valid based on the active capias warrant.

## Discussion

Defendant asserts that there was no probable cause because the affidavit does not specify the informant's reliability nor does it detail police corroboration.[3] To support his argument, Defendant cites to *Stewart v. State*.[4] In that case, the defendant appealed his convictions to the Delaware Supreme Court and argued the trial court erred in denying his motion to suppress because the information from the informant did not provide probable cause to seize him.[5] The informant called the defendant-seller and arranged a drug transaction in the presence of the police. At the agreed upon site, the informant called the seller again to determine his location and subsequently identified the seller in his vehicle. After informant reassured officers of the seller's location, defendant was arrested.

The trial court found that the combination of the initial information provided by the informant, the confirmation of that information, the relatively short period of

---

[3] The Court notes that Defendant was arrested on September 15, 2018 and the affidavit of probable cause was prepared on September 16, 2018. Thus the affidavit in this case functioned to memorialize the facts surrounding the arrest, not to request an arrest warrant.

[4] *Stewart v. State*, 2008 WL 482310 (Del. Feb. 22, 2008).

[5] *Id.* Defendant Stewart was convicted of Trafficking in Cocaine in Excess of 100 grams, Possession of Cocaine With Intent to Deliver, Maintaining a Vehicle for Keeping Controlled Substances, and Resisting Arrest. *Id.* at *1.

5

time it took to arrange the deal, and the informant's identification of the seller's vehicle provided the officers with probable cause to arrest. In affirming the trial court's judgment, the Court observed:

> An informant's tip may provide probable cause for a warrantless arrest where the totality of the circumstances, if corroborated, indicates that the information is reliable. In making that determination, a court must consider the reliability of the informant, the details contained in the informant's tip, and the degree to which the tip is corroborated by independent police surveillance and information.[6]

The Supreme Court found the information obtained by the informant was sufficiently corroborated by the police overhearing the conversation arranging the drug transaction and finding the seller at the delivery point.

The facts of *Stewart* are distinguishable from those of the instant case. Here, the informant's participation in Defendant's arrest was limited to providing officers with Defendant's name, phone number, and allegations of his involvement in drug activity along Kirkwood Highway. Nevertheless, in applying the same analysis, the Court finds there was probable cause to believe Defendant had committed a felony based on the "degree the tip [was] corroborated by independent police surveillance and information."[7] Officer Gruber confirmed that the phone number provided by the informant was in fact associated with Defendant and subsequently engaged in a text message conversation with that phone number. The parties agreed to arrange a

---

[6] *Id.* at *2 (quoting *Brown v. State*, 897 A.2d 748, 751 (Del. 2006)).
[7] *Id.*

transaction for the sale of heroin and meet at a location on Kirkwood Highway. Officers confirmed that the white vehicle that arrived at the location was registered to the mother of Defendant's children. A text message from the seller established that he had arrived in a white vehicle. From these inquiries and surveillance, it is plain that the informant's tip was independently corroborated by officers prior to Defendant's arrest.

Moreover, Delaware law provides a police offer the discretion to make a warrantless arrest for violation of any motor vehicle law.[8] The officers were aware that Defendant had a suspended driver's license when they observed him arriving to the location and thus had probable cause to arrest him.[9] Similarly, the officers had previously confirmed there was capias issued by Rehoboth Alderman's Court for Defendant's arrest. The police therefore had the authority to arrest Defendant without the need for probable cause.[10]

## Conclusion

The Court therefore finds that the totality of the circumstances indicate there was probable cause to support Defendant's arrest.

---

[8] *See* 21 *Del. C.* § 701(a)(1); 21 *Del. C.* § 2756.
[9] *See, e.g., Traylor v. State*, 458 A.2d 1170, 1174 (Del. 1983) (finding the officers had probable cause to arrest the defendant after they learned he had a suspended driver's license and saw him drive away).
[10] *See State v. Ryle*, 2019 WL 2714817, at *6 (Del. Super. Ct. June 27, 2019).

For the foregoing reasons, Defendant's Motion to Suppress is **DENIED**.

**IT IS SO ORDERED**

_____
**Judge Calvin L. Scott, Jr.**